McCALEB, Justice.
The question for decision in this writ of review is whether the City of New Orleans is liable for the payment of workmen’s compensation benefits to the employees of the Juvenile Court for the Parish of Orleans.
The plaintiff is a process server in the employ of the Juvenile Court for the Parish of Orleans. While in the performance of his duties on December 16, 1963, plaintiff was injured in an automobile accident, which disabled' him for a period of six months. In this suit, he is seeking, to re-cover from the City of New Orleans work-, men’s'compensation benefits for the period'. *1093 of his disability, together with $795.58 for the medical expenses he incurred in the treatment of his injuries.
The defense of the City is that, inasmuch as plaintiff is not its employee, it is not liable to him for compensation.
The district judge rejected the defense and awarded plaintiff compensation for the amount prayed for.
The Court of Appeal, however, sustained the city’s position, holding that, since plaintiff was employed by — and was under the supervision and control of- — the juvenile court judges, he could not recover compensation from the City as the requisite relationship of employer and employee was not present. See Sicard v. City of New Orleans, 176 So.2d 672.
We think this ruling erroneous. The question here is not whether thece is a relationship of employer and employee between plaintiff and the City but, rather, whether the City is obligated under the law to pay plaintiff compensation benefits as an expense of the Juvenile Court for which it is liable.
Unquestionably, the Juvenile Court for the Parish of Orleans is a State agency. Therefore, plaintiff is entitled to the benefits of the Louisiana Workmen’s Compensation Law for R.S. 23:1034, as amended, declares that it shall apply “ * * to very person in the service of the state or political subdivision thereof, * * * under any appointment or contract of hire, * * * and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; * * * It is also obvious that plaintiff, being in the employ of the court, is subject to its right of supervision and control and that the court’s obligation to plaintiff for compensation benefits is strictly a court expense for which the State, in the absence of statute, would be responsible.
However, in this case there is a statute which imposes this and other expenses of the Juvenile Court for the Parish of Orleans on the City of New Orleans. That statute, R.S. 13 :1568, declares:
“The city of New Orleans shall provide suitable quarters for said court which shall be in a building separate from that of any of the criminal courts and shall make necessary provisions for the conduct of the business of said court and provision for the expenses of the same.”
And in R.S. 13:1587, dealing with the personnel of juvenile courts generally, it is declared “ * * * in the parish of Orleans payment of such expense shall be provided as required by R.S. 13 :1568.”
In view of the statute, it is manifest that the City is responsible to plaintiff for workmen’s compensation as we regard this *1095 to be a legitimate expense of the Juvenile Court of the Parish of Orleans.
Plaintiff’s counsel acknowledge that the district court inadvertently cast the city for penalties and attorney fees, notwithstanding that this claim had been waived. Hence, the judgment of that court will be modified to that extent.
For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is reversed. It is now ordered that the judgment of the district court, save for the award of penalties and attorney fees, be reinstated and affirmed.
HAWTHORNE, J., recused.