FRUGÉ, Judge.
Leonard J. Landry brought an action for workmen’s compensation benefits against the City of New Iberia and its insurer, the Highlands Insurance Company. The claim arose from an alleged accident which occurred while plaintiff was a Captain of the New Iberia Municipal Fire Department, on or about October 29, 1966. An exception of no cause or right of action was filed by defendants, the exception alleging that.under L.S.A.-R.S. 23:1034 plaintiff was an “official” rather than an “employee” and, thus, did not have the right to make a claim for workmen’s compensation. From an adverse ruling in defendants’ favor, plaintiff prosecutes this appeal.
For the purposes of this appeal, the facts are as follows: While on duty, plaintiff was helping his colleagues in cleaning the fire house. In the quarters was a refrigerator placed by the City, for the use of the firemen. As plaintiff was cleaning out the inside of the refrigerator, his hand touched an exposed electric socket, the shock causing plaintiff to jump backwards. When he did so, his arm struck a large, open-faced electric fan, causing him injury and the alleged disability for which he seeks benefits.
The trial court found, basing its ruling on the reasoning expressed in Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925), to be discussed infra, that firemen are generally held to be “officials” and not employees, workmen, or laborers within the meaning of those terms as used in the Compensation Act.
L.S.A.-R.S. 23:1034, reads in pertinent part as follows:
“Public employees; exclusiveness of remedies.
*923 “The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, * * * except an official of the state or other political subdivision thereof * * * provided further that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation. as provided herein. As amended acts 1950, No. 412, § 1.” (Emphasis supplied.)
The principal issue for our determination is whether or not the decision of the trial court was correct in finding that plaintiff, a fireman, was an “official” under L.S.A.R.S. 23:1034, and thus, in such capacity, was only entitled to proceed in tort against defendants. In our discussion we shall attempt to dispose of this issue by answering two questions:
1. Are firemen in general excluded under the statute ?
2. Is a fireman with the rank of Captain excluded from coverage by the act?
FIREMEN
According to the wording of the statute noted previously, every person in the service of the state, or political subdivision thereof, with the exception of “officials” is covered by the Act. The question before us therefore involves the definition of the word “official” as it is used in the statute.
In 99 C.J.S. Workmen’s Compensation § 115, at page 399, it is noted:
“Ordinarily, the concept of ‘public official’ is repugnant to that of ‘employee’; and it has been said that there is a distinction between a public official and a public employee which is frequently difficult to trace, and that there is no rule of law by which this question can be generally determined, and that the cases are practically limited to holding that certain persons filling certain positions are officials, and persons holding certain positions are not officials.”
It is the general rule in the jurisdictions of this country that firemen, in the absence of any provisions requiring their inclusion, have been held not to be “employees”, “workmen” or “laborers”, and therefore are not within the coverage of Workmen’s Compensation. A contrary conclusion, however, has been reached in some jurisdictions. 58 Am.Jur., “Workmen’s Compensation”, § 154, p. 681.
In attempting to determine whether firemen should be given coverage, we necessarily must determine the factors to be considered in applying the status of “official” to someone in the .employment of government.
In the work by Larsen, Workmen’s Compensation Law, at Sec. 56.20 is stated the following:
“An official is distinguished from an employee both by his exercise of some portion of the sovereign power and by the importance, dignity and the independence of his position.
“Of these tests, both suffering somewhat from a certain unavoidable vagueness, the former is the more fundamental and workable. It demonstrates immediately the difference between an ordinary highway worker and a county superintendent of highways, for the latter is performing functions of government for the direct benefit of the public, exercising considerable discretion, and answering not to some ‘employer’ but to the state highway commission.
“This sovereign-power test should, however, be tempered in application by some consideration of the ‘importance and dignity’ idea, nebulous as it is, * * *.
“The test of ‘independence’ is also helpful, but again should not be given any controlling importance of its own. Typically, of course, an official exercises a certain amount of independent judg *924 ment, if only within a narrow range, unlike an employee, whose employer has the right to control all the details of his work. On the other hand, there are very few officials in governmental hierarchy who are not responsible to some higher official or board. No one would deny the Secretary of State the status of ‘official’ although he might be entirely subject to the discretion of the President or Governor. Therefore, while it is unquestionably correct to classify a school teacher as an employee, the Superintendent of Schools should not be so classified * * * merely because he is subject to the ‘control’ of the County Board of Education.
“Various other tests have been invoked, such as requirement of an official oath and bond, liability to be called to account for misfeasance in office, and security in tenure of position, represented by a fixed term of office and distinguished from the uncertain duration characteristic of ordinary employment. Finally, the creation of the office by law has been cited as a mark of an official position; * *
Although there are no Louisiana cases that have attempted to define the term “official” as applied to firemen, there are cases that have considered the application of the word to other public employments, and in so doing have listed the factors of importance to be considered. Among these, we note the case of Courville v. Globe Indemnity Company, 63 So.2d 446 (La.App. 1st Cir., 1953), at pages 447-448:
“The nature of a man’s duties is still, we feel, one of the major factors to be considered in determining whether he is an officer or employee. However, there are still other factors to be considered in the decision, as for example, the person is by law designated as officer * * * whether he took an oath of office * * * and whether he was required to give bond * * *. Neither single factor is determinative in itself, not even the question of whether the work done is of a-public or private nature.”
Keeping in mind the factors to be considered, we go on to a discussion of some of the jurisprudence which has attempted to apply these factors in determining who are “officials” under L.S.A.-R.S. 23:1034.
The most celebrated case in this area of the law is that of Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925). The end result of that case, that policemen are “officials” and therefore excluded from coverage, was legislatively overruled in 1950 by an amendment to R.S. 23:1034 specially including certain policemen. The case is still cited, however, by the courts of our state when interpreting L.S.A.-R.S. 23:1034.
In that case it was held that a policeman is an “officer” of the city, hence, is not entitled to compensation. The court stated that the duty of an official is prescribed by government rather than arising out of contract. It also stressed the importance, dignity and independence of the position and referred to the requirement of an official oath. The court observed that the term “official” as used in the act, is synonymous with “officer”. To support its position the court ventured another observation. It stressed that the service of an officer is governmental rather than proprietary in nature. In so stating the court used the following language:
“The police officers of a city are not regarded as servants or agents of the municipality. They are conservators of the peace, and exercise many of the functions of sovereignty; they are appointed and paid by the municipality as a convenient mode of exercising the functions of government; they assist the city in the performance of its governmental duties, and not in the discharge of its proprietary obligations.”
This observation by the court brought criticism from Professor Wex Malone, in his work, Louisiana Workmen’s Compensa *925 tion Law and Practice (1951), wherein the celebrated legal scholar noted:
“This suggests that compensation liability might exist only where proprietary functions are being exercised by the employing public body, and invites the argument that compensation liability is only co-extensive with liability in tort. It seems clear that many employees are hired to discharge purely governmental functions of their public employer (as a streetcleaner employed by the sanitary department of a city, or a road maintenance employee of a parish), while many of the highest city officials may determine policy for the proprietary activities of the corporation they serve.”
Although the basic holding of this case was overruled by the 1950 amendment, it has often been cited, particularly by courts concerning themselves with the wording of the amendment in regard to other law enforcement people. None of the cases concerned themselves with a consideration of firemen, but other governmental employees were classified as follows: A deputy sheriff was considered an officer and not an employee, and thus denied coverage in Johnson v. Northern Assurance Company of America, 193 So.2d 920 (La.App. 3d Cir., 1967); Mitchell v. James, 182 So.2d 144 (La.App. 3d Cir., 1966); and Coleman v. Maryland Casualty Company, 176 So. 143 (La.App.Orl.Cir., 1937). As well, a juvenile officer was considered an “official” in Wagner v. Hartford Accident and Indemnity Company, 81 So.2d 580 (La.App. 1st Cir., 1955). To the contrary, a process server of the Juvenile Court of the Parish 'of Orleans was held to be an “employee” under the statute, and therefore entitled to compensation coverage in Sicard v. City of New Orleans, 248 La. 1090, 184 So.2d 21 (1966), rehearing denied; and a night watchman for the City of Basile was held to be an “employee” in Courville v. Globe Indemnity Company, 63 So.2d 446 (La.App. 1st Cir., 1953), rehearing denied.
Although we could find no cases that discussed the application of L.S.A.-R.S. 23:-1034 to firemen, we note with interest a decision by our brothers of the First Circuit wherein they awarded compensation to a fireman. Walters v. General Accident & Fire Assurance Corporation, Ltd., 119 So. 2d 550 (La.App. 1st Cir., 1960).
In the Walters case a “fire driver”, employed by the City of Bogalusa Fire Department brought an action against the City’s compensation insurer. With Judge Landry as the organ of the court, it was held that he could collect, the principal issue in the case being whether credit should be given for wages paid after the accident. For our purposes, the rather lengthy opinion of the court concerned itself with typical compensation questions and nowhere in the opinion is there any question raised as to plaintiff’s being within the coverage of the Act. Cf., Peshoff v. Firemen’s Pension & Relief Fund, 167 So.2d 197 (La.App. 3d Cir., 1964), where a captain was trying to get benefits from a pension fund for mental illness, but the city said he had to first be denied workmen’s compensation. The court answered against the city, but did not even mention the possibility of plaintiff’s being outside the coverage of the Act.
The above cited cases are, of course, not controlling, but we feel they are quite persuasive. In addition, as was contended by plaintiff, L.S.A.-R.S. 23:1034, when read pari materia with other statutes, seemingly leads to but one conclusion, that the legislature assumed, and thus intended, that firemen are covered by workmen’s compensation.
We think it is most significant that our legislature has, in R.S. 23:1034, included “every person in the service of the state or political subdivision thereof * * Our Constitution, Article 14, § 15(2), in dealing with the Civil Service System, defines “State Service” as follows:
“ ‘State Service’ or ‘Civil Service of the State’ means all offices and positions *926 of trust or employment in the employ of the State, or any department * * * ” (Emphasis supplied.)
A definition of “City Service” is given in § 15(3), as follows:
“ ‘City Service’ or ‘Civil Service of the City’ means all offices and positions of trust or employment in the employ of the city, or any department * * * thereof * * * ” (Emphasis supplied.)
Our legislature has frequently characterized firemen as “employees”, L.S.A.-R.S. Title 33, Chapter 4, Part II, dealing with the organization, wages, hours, pension and relief funds, etc., of the fire departments of our various municipalities, includes the following language in Section 1991:
“A. The word ‘firemen’, as used in this Sub-part includes all persons employed or engaged full time by municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services, including operators of the fire-alarm system when such operators are members of the regularly constituted fire department. (Emphasis supplied.)
Furthermore, specifically on point is L.S. A.-R.S. 33:1995.1 which states the following:
“Sick Pay Reduced by Workmen’s Compensation :
“A fireman employed by any municipality, parish or fire protection district who draws full pay during sickness or incapacity shall have such pay decreased by the amount of workmen's compensation benefits actually received by the employee.” (Emphasis supplied.)
See also L.S.A.-R.S. 33:2037, entitled, “Effect of receipt of workmen’s compensation or social security payments”.
Although the above cited statutes cannot in themselves establish coverage under our Compensation Act, it is hard for us to say that the legislature intended that firemen should be excluded from coverage when in fact it provided for the situation wherein a fireman receives benefits. We feel these statutes are persuasive to the point of demanding that we include firemen in the coverage.
In summary, our consideration of the prior jurisprudence, of the Walters case, and of the statutes just cited, constrains us to rule that it was the intention of the legislature that firemen in general should be included within the coverage of the Act, and that they are not “officials” within the definition of that term as it is used in the statute or in the cases previously construing the statute.
As to the cases holding that policemen are “officials”, we agree with the following quotation from Larsen, Workmen’s Compensation Law, wherein it is stated:
“The usual holding that policemen and sheriffs are public officials is readily understandable, in view of the gravity of their responsibilities and range of their discretion; but by the general tests here cited, it is difficult to see how an ordinary fireman can qualify as an official.”
Sec. 56:20 at page 1014.
A CAPTAIN—
Having decided that firemen are generally within the coverage of the Act, we go on to the issue of coverage for a fireman occupying the status of captain.
Under L.S.A.-R.S. 33:1991, we note that a captain is only one of three ranks or grades established by that statute. To be noted is the fact that it is not the highest' grade, but rather is under the grades of assistant chief, battalion chief, and district chief. In R.S. 33:1967, the duties of a captain are prescribed as follows:
“Each force in each fire company shall be in charge of a member of the department holding the rank of captain. By the term force as used herein is meant *927 any single piece of fire fighting apparatus.”
We feel that the above are significant in that they show that a captain, although in charge of one segment of a fire department’s personnel and equipment, is still not in such a position that we could justifiably rule him to be an “official” or “officer”. As was noted in the work on compensation by Larsen, the courts must put a dividing line between one who is in a true official capacity, and one simply occupying a different rank from that of the ordinary civil employee. Simply because a fireman is in charge of a single piece of fire-fighting equipment, we cannot say that he has been entrusted such supervisory and discretionary powers and obligations that he should be deemed a public official. A captain, we feel, should qualify as an employee under the statute. He in no ways shares in the power to govern, and while he exercises minor discretion, he is not even indirectly responsible to the electorate.[1] We have noted the statutes cited by defendant as upholding a contrary result, but believe them outweighed by those above cited.
For the foregoing reasons, the judgment of the trial' court sustaining the exception of no cause or right of action to plaintiff’s workmen compensation action, is hereby reversed. The case is remanded to the district court for further proceedings consistent herewith. Costs of this appeal to be paid by defendant-appellees.
Reversed and remanded.

. See the enlightened discussion of the problems in applying the term “official” to civil employees in Malone, Workmen’s Compensation Law and Practice, Chapter 7, Section 142, page 167.