Dear Marshal Mouton:
In your letter to this office you advise that Ms. Dianne Arnaud was employed for the past thirty-three years as your Chief Deputy Marshal; Ms. Arnaud has recently retired from her position. For all thirty-three years, Ms. Arnaud was paid jointly by the Marshal's Office and by the City of Opelousas, as the Marshal paid 53% of her salary, while the City of Opelousas paid the remaining portion of 47% of her salary. The City of Opelousas paid for Ms. Arnaud's health insurance, and the City enrolled Ms. Arnaud in the Municipal Employees' Retirement System pursuant to La.R.S. 11:1752(B).[1]
During her employment with the Marshal's office, Ms. Arnaud accrued both annual and sick leave pursuant to the terms of the Marshal's written "City of Opelousas Ward One Marshal's Office Personnel Policy Manual". Upon her recent retirement from the Marshal's office, Ms. Arnaud had 152 hours of unused annual leave and 312.5 hours of unused sick leave. The provisions of the Marshal's personnel manual which are pertinent governing the payment of accrued leave upon retirement provide that regular employees "shall be paid for accumulated annual leave" (see Section 1.6 of the personnel manual); accrued sick leave shall be paid "up to a maximum of 240 hours at a rate computed by taking the current monthly salary of employee and dividing that amount by 160 hours."See Section 2.10 of the personnel manual. *Page 2 
The Marshal paid Ms. Arnaud 53% of the total amount of her accrued leave, calculated under the aforementioned terms of the personnel manual. Ms. Arnaud sought the remaining 47% from the City of Opelousas, but her request was denied, on the basis that Ms. Arnaud is not an employee of the City of Opelousas.
The facts as related present the following issue for resolution: is the City of Opelousas liable for the payment of the unused and annual and sick leave accrued by Ms. Dianne Arnaud during her employment as Chief Deputy Marshal, upon her retirement? For the reasons discussed below, we conclude state law makes this payment a mandatory obligation of the City of Opelousas.
At this juncture, a review of the law pertaining to the funding of the compensation paid deputy marshals is appropriate. The revenue source for payment of a deputy marshal's salary is addressed by La.R.S. 13:1881(B), providing:
 § 1881. General powers and duties of marshals; deputy marshals
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the Marshal, but the Marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies . . .
La.R.S. 1:3 is a rule of statutory construction which dictates that the use of the word "shall" within a statute is mandatory and the word "may" is permissive. La.R.S. 13:1881(B) states "the compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both" which places a mandatory obligation on the City of Opelousas and St. Landry Parish to fund the compensation paid deputy marshals in the employ of the Marshal's office. In contrast, it is within the discretion of the Marshal to fund any portion of a deputy marshal's salary, as La.R.S. 13:1881(B) states "the city marshalmay use funds available for expenses of his office. . .to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals. . ."
The City of Opelousas denied Ms. Arnaud's request for payment of the accrued leave on the basis that Ms. Arnaud was an employee of the Marshal and not the City of Opelousas. Indeed, the Marshal appointed Ms. Arnaud to the position of Chief Deputy Marshal as authorized by La.R.S.13:1881(B). Ms. Arnaud served at the pleasure of the Marshal, as he possessed the full authority to engage, control, and dismiss the position held by Ms. Arnaud. *Page 3 
On the other hand, in an unpublished opinion of the U.S. Fifth Circuit Court of Appeals, the court characterized deputy marshals as "city employees". In Dix v. Mancuso, 265 F.3d 1058, 2001 WL 872708 (C.A.5 La.), the appellate court affirmed the district court's imposition of liability upon the City of Lake Charles for the Marshal's politically-motivated failure to rehire four deputy marshals. The court inDix stated "for all practical purposes other than their hiring and firing (which decisions all parties acknowledge were committed to the marshal),deputy marshals are treated as city employees". As in Dix, while Marshal retained sole authority to hire and fire Ms. Arnaud, in other respects the City of Opelousas treated Ms. Arnaud as a city employee in that Ms. Arnaud participated in the city's health insurance plan, credit union, and retirement system.
Despite the foregoing discussion, the financial responsibility imposed upon the City of Opelousas here does not require us to make a determination that Ms. Arnaud was a city employee. In the case of Sicardv. City of New Orleans, 248 La. 1090, 184 So.2d 21 (La. 1966), the Court held the City of New Orleans liable to pay worker's compensation benefits to a process server in the employ of the Juvenile Court of the Parish of Orleans on the basis that the City was statutorily bound to pay the expenses of the Juvenile Court.
Applying the reasoning of Sicard to the matter at hand, a relationship of employer and employee between the City and Ms Arnaud is not a prerequisite to the City's liability for her accrued leave. Rather, the City of Opelousas must pay Ms. Arnaud for her accrued annual and sick leave because such benefits are "compensation" the City is statutorily bound to pay under La.R.S. 13:1881(B).
When an employer agrees to pay employees for unused vacation time, accrued, but unused annual leave qualifies as "wages." Beard vs. SummitInstitute, 97-C-1784 (La. 1998); 707 So.2d 1233, 1235. Benefits such as paid vacation are vested in the employee as a form of additional deferredcompensation . . .so that a terminated employee who has accrued vacation time is entitled to her wages for that time. Knecht vs. Board of Trusteesfor State Colleges, 91-C-0751 (La. 1991); 591 So.2d 690, 695.
Ms. Arnaud lawfully accumulated annual and sick leave, as permitted by the Marshal's personnel policy. Such benefits, under Knecht, are a form of "additional deferred compensation" for which the City of Opelousas is responsible under La.R.S. 13:1881(B). Pursuant to La.R.S. 13:1881(B), the Marshal was within his discretionary authority to pay Ms. Arnaud 53% of her accrued leave, as the statute permits, but does not require the Marshal to pay a portion of the compensation owed his deputy marshals. The Marshal could have elected to forgo payment, and in such instance the City of Opelousas would be responsible for the entire amount owed Ms. Arnaud. However, the facts here indicate that the City of Opelousas is liable to Ms. Arnaud only for the amount of unpaid accrued leave remaining.
This office was asked to analyze the legal responsibility of the City of Opelousas concerning payments owed Ms. Arnaud. In doing so, we do not mean to ignore the *Page 4 
responsibilities imposed upon the Parish of St. Landry by statute. La.R.S. 13:1881 (B) states "the compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located . . ." See also La. Atty. Gen. Op. 97-474, in which this office stated ". . . Louisiana law unequivocally places the burden of funding the salaries of the city court judges, marshals, deputy marshals, clerks and deputy clerks squarely on the shoulders of the City and the Parish . . ." See also La. Atty. Gen. Op. 02-0463, directed to the Opelousas Marshal; therein, this office advised the Marshal that the City of Opelousas and the St. Landry Parish Government are required to fund the salaries of the Opelousas deputy marshals.
Both the Marshal and the Mayor of Opelousas advised this office in separate phone conversations that the 53/47 percent allocations vis-à-vis the salaries paid deputy marshals by the Marshal and the City continues pursuant to an informal and unwritten agreement in place at the time each was elected to office. This scenario is subject to change. The Marshal is well within his rights to demand that the City or the Parish, or both, fund the entire compensation paid his deputy marshals. However, the statutory responsibility of the Parish does not relieve the City of Opelousas of its current liability for the balance of the accrued leave, in the amount of $3,688.72, as advised by both Ms. Arnaud and the Marshal.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
Honorable Donald Cravins, Sr., Mayor City of Opelousas Post Office Box 1879 Opelousas, LA 70571-1879
Ms. Karen Frank, City Clerk City of Opelousas Post Office Box 1879 Opelousas, LA 70571-1879
[1] Ms. Arnaud was enrolled in the Municipal Employees' Retirement System under the authority of La.R.S. 11:1752(B), which provides:
B. Individuals paid jointly by a participating employer and the parish are not eligible for membership in this system, except the following:
(1) City marshals and their employees.