182 So.2d 144 (1966)
Willis Henry MITCHELL, Plaintiff and Appellant,
v.
Sam H. JAMES, Sheriff of Natchitoches Parish, Louisiana, Defendant and Appellee.
No. 1609.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
Rehearing Denied February 7, 1966.
*145 Booth, Lockard, Jack Pleasant & LeSage, by James A. Reeder, Shreveport, for plaintiff-appellant.
Thomas & Friedman, by Gerard F. Thomas, Jr., Natchitoches, for defendant-appellee.
Before TATE, FRUGÉ and CULPEPPER, JJ.
CULPEPPER, Judge.
Pursuant to legislative authorization, plaintiff, a deputy sheriff, sues Sam H. James, in his capacity as sheriff of Natchitoches Parish, for workmen's compensation benefits. The district judge sustained defendant's exception of no cause of action, on the grounds that a deputy sheriff is a public officer and, as such, is excluded from the provisions of our Workmen's Compensation Act. From a judgment dismissing his suit, plaintiff appeals.
For purposes of the exception of no cause of action, the facts are that plaintiff was serving as a deputy sheriff of Natchitoches Parish under an oath of office and bond. While so serving, he slipped and fell and suffered a ruptured intervertebral disc. He is permanently and totally disabled. The sole issue is whether he is excluded from the Workmen's Compensation Act, under the provisions of LSA-R.S. 23:1034, which reads in pertinent part as follows:
"Sec. 1034. Public employees; exclusiveness of remedies
"The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, * * * except an official of the state or other political subdivision thereof * * * provided further that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation as provided herein. As amended Acts 1950, No. 412, § 1."
The 1950 amendment, referred to above, added the last proviso bringing municipal policemen under the Workmen's Compensation Act. This amendment followed several cases which held that a policeman is an "official of the state or other political subdivision thereof" and is excluded from the Workmen's Compensation Act. Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925); Coleman v. Maryland Casualty Company, La.App., 176 So. 143. The jurisprudence likewise had established that a deputy sheriff is a state officer, as distinguished from an employee. State ex rel. Porterie v. Jones, 181 La. 390, 159 So. 594; State v. Titus, 152 La. 1011, 95 So. 106; Gray v. De Bretton, 192 La. 628, 188 So. 722.
It is clear that the purpose of the 1950 amendment to LSA-R.S. 23:1034 was to bring members of municipal police departments, or municipal employees performing police services, who are not elected officials, under the provisions of the Compensation Act, regardless of the jurisprudence which had held policemen to be public officers. However, the 1950 amendment stops with municipal police. It does not bring deputy sheriffs under the Act. If the legislature had intended to bring deputy sheriffs under the provisions of the Workmen's Compensation Act, it would have been very simple to include them in the 1950 amendment. But the legislature did not do so.
*146 Plaintiff has cited no statute or case of this state which supports his contention. He says that in Myers v. Fidelity and Casualty Company of New York, La.App., 152 So.2d 96 (3rd Cir. 1963) we held a city policeman was a city employee within the exclusionary clause of a public liability insurance policy. There, plaintiff, a city policeman, was injured while a passenger in a vehicle driven by another city policeman. Plaintiff sued the city's public liability insurer in tort. The policy contained a so-called "cross-employee exclusion", the purpose of which is to exclude an employee injured by the negligence of another employee, during the course of their employment; it being contemplated in such a situation that the sole remedy against the employer is for workmen's compensation. We quoted from the Supreme Court case of Hall v. City of Shreveport, supra, language to the effect that every public officer may also be, and often is an employee, but every public employee is not a public officer. We noted that the Hall case, decided before the 1950 amendment, held a city policeman, in his capacity as a public officer was excluded from the Workmen's Compensation Act. But, this does not mean that a city policeman cannot also be an employee of the city, and, as such, excluded under the provisions of the cross-employee exclusion with which we were concerned in the Myers case.
Therefore, the Myers case is not authority for the proposition that deputy sheriffs are employees and not public officers. Deputy sheriffs, under all of the jurisprudence of this state, are public officers and, as such, are excluded from the provisions of the Workmen's Compensation Act.
This same result was reached in Wagner v. Hartford Accident & Indemnity Co., La.App., 81 So.2d 580 (1st Cir. 1955). There, a juvenile officer of the district court, paid by the parish police jury, was held to be an official of the parish and, as such, excluded from the provisions of our Workmen's Compensation Act. The court pointed out that the 1950 amendment to LSA-R.S. 23:1034 brings only municipal police officials under the act.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.