193 So.2d 920 (1967)
Maurice JOHNSON, Plaintiff-Appellee,
v.
The NORTHERN ASSURANCE COMPANY OF AMERICA, Defendant-Appellant.
No. 1886.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1967.
*921 Lewis & Lewis, by John M. Shaw, Opelousas, for defendant-appellant.
Garland, DeJean & Ledet, by Stephen J. Ledet, Jr., Opelousas, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
The plaintiff, a deputy sheriff of the Parish of St. Landry, was injured in an automobile accident while driving an automobile owned by the Sheriff's Department of that parish. The automobile was insured at the time of the collision by the defendant, The Northern Assurance Company of America. The plaintiff brought suit in the district court to recover for medical expenses incurred by him under the medical payments provision of the defendant's insurance policy and the defendant denied coverage, urging that a clause in the policy which excludes from coverage "employees" of the named insured prevented the plaintiff's recovery. The trial judge rendered judgment in favor of the plaintiff, and the defendant has appealed. The amount of medical expenses involved is not in dispute, and the sole issue presented for our decision is whether a deputy sheriff is an "employee" within the meaning of the exclusion clause contained in the policy.
The clause on which the insurer relies provides substantially as follows:
[No coverage is afforded by this policy] "Under division 1 of coverage C [medical payments provision], to bodily injury to or sickness, disease or death of any employee of the named insured or spouse arising out of and in the course of (1) * * *; (2) other employment by the named insured or spouse; * * *"
In our opinion, it is obvious that a clause in any automobile liability policy which withdraws medical payments coverage in cases of bodily injury to, or sickness, disease or death of any employee of the named insured arising out of and in the course of his employment is designed to prevent multiple recovery of medical expenses by the employee under this type of policy and the parallel provisions of our Workmen's Compensation Law.
In Myers v. Fidelity & Casualty Co. of New York, 152 So.2d 96 (La.App. 3d Cir. 1963), this court recognized a similar correlation between an exclusion clause in an automobile liability policy and coverage provisions of our Workmen's Compensation Act. In that case a city policeman (covered by our Workmen's Compensation Act) sought to recover from the insurer of the police car in which he was riding for injuries received through the negligence of a fellow policeman. In concluding that the automobile insurance policy afforded no *922 coverage to the city policeman in that instance, we said:
"Furthermore, our interpretation of the policy is consistent with the purpose of the cross employee exclusion as it must have been understood and intended by the parties to the contract. The obvious reason for the clause stating that no coverage will be afforded an omnibus insured, where one employee is injured by the negligence of another employee of the same employer while both are acting in the scope of their employment, is the idea that a claim for workmen's compensation benefits should be the exclusive remedy in such cases. Under LSA-R.S. 23:1034 policemen are now covered by our Workmen's Compensation Act and in the instant case plaintiff could have claimed workmen's compensation benefits from the city of Lake Charles. (Actually plaintiff did not, because he did not lose any wages.) Insofar as the named insured, the city of Lake Charles, is concerned, this was plaintiff's exclusive remedy."
Counsel for the defendant argues earnestly that the situation in the instant suit is similar to that in Myers and that, as in Myers, we should construe the exclusion clause as withdrawing coverage from the plaintiff because of his status as an "employee". In so arguing, defendant ignores one fact which, in our opinion, compels a result different from that reached in the Myers case. Under the statutory provisions of our Workmen's Compensation Act and the settled jurisprudence of this State, the plaintiff, a deputy sheriff of the Parish of St. Landry, is not protected by workmen's compensation and as a consequence there exists no danger of recovery by the plaintiff under both the act and the policy. LSA-R.S. 23:1034; Mitchell v. James, 182 So.2d 144 (La.App.3d Cir.1966) and authorities cited therein.
It is our view, therefore, that the plaintiff should not be regarded as an "employee" within the contemplation of the exclusion clause in this policy, but should, under the settled jurisprudence of this State, be considered as an officer of the State while discharging his duties as a deputy sheriff of the Parish of St. Landry. State ex rel. Porterie v. Jones, 181 La. 390, 159 So. 594; State v. Titus, 152 La. 1011, 95 So. 106; Gray v. De Bretton, 192 La. 628, 188 So. 722; as cited in Mitchell v. James, supra.
For the foregoing reasons, the judgment of the district court is hereby affirmed; the cost of appeal to be borne by the appellant.
Affirmed.