278 So.2d 167 (1973)
Raymond RICHARDSON
v.
Louis A. HEYD, Jr., Criminal Sheriff IN AND FOR the PARISH OF ORLEANS, State of Louisiana.
No. 5660.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1973.
*168 Frank S. Bruno, New Orleans, for plaintiff-appellant.
Blake G. Arata, City Atty., Jackson P. McNeely, Asst. City Atty., for defendant-appellee.
Before REDMANN, STOULIG and BAILES, JJ.
BAILES, Judge.
Plaintiff appeals from the judgment of the district court sustaining an exception of prescription and dismissing his alternative demand for workmen's compensation benefits against the City of New Orleans. On our finding that the judgment of the court a quo is correct, we affirm.
In his original petition, filed June 24, 1970, plaintiff alleged that while acting in his capacity of deputy sheriff he was injured on September 16, 1969, when assaulted by three prisoners he was required to transport from the Charity Hospital to the Parish Prison in the City of New Orleans. He alleges that the injuries he received as a result of the assault were caused solely through the negligence of Louis A. Heyd, Jr., in his capacity as Criminal Sheriff of the Parish of Orleans, Louisiana.
On September 24, 1971, more than two years after his alleged injury, plaintiff filed a supplemental and amended petition wherein he alleged, alternatively, that if he could not recover in tort against the defendant Sheriff, he should recover workmen's compensation benefits from the City of New Orleans.
It was to this alternative demand for workmen's compensation benefits, as above stated, that the City of New Orleans filed the exception of prescription.
Plaintiff-appellant acknowledges that under the holding of the court in Mitchell v. James, La.App., 182 So.2d 144 (1966) and its interpretation of LSA-R.S. 23:1034 he does not have a cause of action against the defendant Sheriff for workmen's compensation benefits and he assigns that as the reason for pleading alternatively for recovery of workmen's compensation benefits against the City of New Orleans. Plaintiff additionally argues that service of his original petition (in tort) on Sheriff Louis A. Heyd, Jr., is the same as the service of a suit against the City of New Orleans for the purpose of interruption of prescription of the workmen's compensation claim.
This argument must be rejected. The City of New Orleans is a municipal corporation and a creature of the State of Louisiana existing and operating under a legislative grant of power through its charter enacted by the legislature of this State. See La.Const.1921 Art. XIV, § 22. The Criminal Sheriff of Orleans Parish is a constitutional officer elected by the qualified electors for a term of four years with certain definite rights, powers and duties as fixed by the constitution and the laws of this state. See La.Const.1921 Art. VII, § 89. The Sheriff exercised no authority in the operation of the functions of the municipal government, nor does the City of *169 New Orleans directly or indirectly exercise any control over the Criminal Sheriff of the Parish of Orleans.
Service of citation on the Criminal Sheriff of the Parish of Orleans is not tantamount to service of citation on the chief executive officer of the City of New Orleans. While the territorial limits of the Parish of Orleans are co-extensive with the City of New Orleans, the functions of the constitutional officers of Orleans Parish are different, separate and distinct from the functions of the City of New Orleans and its duly elected officials.
The plaintiff, a deputy sheriff of Orleans Parish, is a public official and is included in the exception of coverage provided in LSA-R.S. 23:1034 which, in part, stipulates:
"The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, * * * except an official of the state or other political subdivision thereof * * *."
And further, considering that the Criminal Sheriff of Orleans Parish and the City of New Orleans are not solidarily obligated to the plaintiff, service of citation on the Criminal Sheriff did not interrupt prescription of any possible workmen's compensation claim plaintiff had against the City of New Orleans.
LSA-R.S. 23:1209 by its terms, as applied to the date of plaintiff's injury of September 16, 1969 and the filing of the supplemental and amended petition making the City of New Orleans a party on September 24, 1971, is dispositive of this appeal.
R.S. 23:1209 states:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
Plaintiff-appellant argues that the rationale of the Supreme Court in Sicard v. City of New Orleans, 248 La. 1090, 184 So.2d 21 (1966) should control the instant case. It would serve no useful purpose to consider the analogy, if any does exist, between this cited case and the instant case.
Assuming arguendo, that plaintiff's position is valid, the result is the same. More than two years elapsed between the alleged date of injury and the date of the filing of the supplemental and amended petition making the City of New Orleans a party defendant. Any alleged claim for workmen's compensation benefits against the City of New Orleans is now prescribed.
For these reasons assigned, the judgment appealed from is affirmed at appellant's cost.
Affirmed.