LOTTINGER, Judge.
This is an action ex delicto by Vernon Michaelman, a prisoner, against J. A1 Amiss, Sheriff of East Baton Rouge Parish; Rodger Aucoin, Warden of the East Baton Rouge Parish Prison; the Parish of East Baton Rouge; the State of Louisiana; and the North River Insurance Company. The plaintiff sued for injuries received while he was incarcerated in the East Baton Rouge Parish Prison. From a judgment maintaining the exception of no cause of action and dismissing the plaintiff’s suit against the State of Louisiana, the plaintiff has appealed.
Plaintiff-appellant argues that the trial judge erroneously relied on the case of Wambles v. State, 283 So.2d 331 (La.App. 4th Cir. 1973), in dismissing his suit against the State. He contends that the State of Louisiana is responsible under the theory of respondeat superior for damages caused by the sheriff or deputy sheriff.
In Foster v. Hampton, 352 So.2d 197 (La.1977), the Supreme Court reasoned that since a deputy sheriff is an officer of the State, "[t]he State, then, may be considered the deputy sheriff’s ‘employer.’ ” Thus, “the doctrine of respondeat superior might be available to hold the State vicariously liable.” (352 So.2d 201).
This statement and conclusion in Foster v. Hampton, supra, were pure dicta because the Supreme Court had already resolved the issue of whether a sheriff is liable for the negligent acts of his deputy. We seriously question the proposition that the state should be considered the employer of a deputy sheriff merely because a deputy sheriff is an officer of the State. We believe the better reasoning is found in Wambles V. State, supra, and thus find no error on the part of the trial judge.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.