385 So.2d 404 (1980)
Vernon MICHAELMAN
v.
Sheriff J. Al AMISS, Warden Rodger Aucoin, the Parish of East Baton Rouge, and the State of Louisiana.
No. 12774.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
E. Wade Shows, Baton Rouge, of counsel for plaintiff-appellant Vernon Michaelman.
Asst. Parish Atty. Joseph F. Keogh, Stephen R. Wilson, Baton Rouge, of counsel for defendant-appellee Parish of East Baton Rouge.
William H. Cooper, Jr., Baton Rouge, of counsel for defendants-appellees J. Al Amiss, Sheriff, Warden Rodger Aucoin and The North River Ins. Co.
Asst. Atty. Gen. Thomas S. Halligan, Baton Rouge, of counsel for defendant-appellee State of La.
Before COVINGTON, LOTTINGER and COLE, JJ.
*405 LOTTINGER, Judge.
In our original opinion in this case, reported at 376 So.2d 1029 (La.App. 1st Cir. 1979), we held that the State is not the employer of a deputy sheriff and, therefore, is not vicariously liable for his torts. We found that a contrary statement by our Supreme Court in Foster v. Hampton, 352 So.2d 197 (La.1977), was pure dictum. Foster v. Hampton has since revisited the Supreme Court, and that court has reaffirmed its position that the State is the employer of a deputy sheriff.[1] The case at bar has been remanded to this court for reconsideration in light of that reaffirmation.
The State in its brief on remand attempts to distinguish the facts in the present case from those in Foster v. Hampton. The State argues that in Foster the deputy sheriff was in the act of serving process for a district court when an accident occurred. The complaint in this suit arises out of the operation of the East Baton Rouge Parish jail. Service of process, the State notes, is the performance of a judicial function, whereas jail management is a law enforcement function vested in the chief law enforcement officer of the parish. Article 5, Section 27, La.Const. (1974). The State further points out that the office of sheriff is mentioned twice in the local government article of the Louisiana Constitution. Article 6, Section 5(G) and Section 7(B).
The State also argues that with the advent of law enforcement districts (La.R.S. 33:9001, et seq.) the operation of the sheriff's office is financed through tax millages, and the sheriff is totally independent of the State.
Lastly, the State argues that if the Supreme Court intended to find that sheriffs and their deputies are State employees in all factual contexts, it would have simply granted writs, reversed, and remanded this case. The Supreme Court, however, did not reverse this court's opinion but remanded the case for reconsideration in light of Foster v. Hampton II.
We see no significance in the factual or financial distinctions made by the State. When the Louisiana Supreme Court renders a decision dealing with the same subject matter as that of another case pending before it, the court's policy is to remand the pending case to the Court of Appeal for reconsideration in light of the case already decided by the Supreme Court. We are convinced the Supreme Court intends that a deputy sheriff be recognized as an employee of the State regardless of the factual situation. We must necessarily conclude, then, that the Supreme Court did not intend its statement in Foster v. Hampton I, about employment and vicarious liability to be dictum. Thus, we hold that the trial judge was in error in the instant case in relying on Wambles v. State, 283 So.2d 331 (La.App. 4th Cir. 1973) and in dismissing the plaintiff's suit against the State on an exception of no cause of action.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with the views expressed hereinabove. The State will bear the costs according to law.
REVERSED AND REMANDED.
NOTES
[1] 381 So.2d 789 (La.1980).