388 So.2d 60 (1980)
Eddie Joseph RODRIGUE, Jr.
v.
Duffy BREAUX, Jr., Sheriff, et al.
No. 13415.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
*61 Larry P. Boudreaux, Thibodaux, counsel for plaintiff-appellant Eddie Joseph Rodrigue, Jr.
Jerome J. Barbera, III, Thibodaux, counsel for defendants-appellees Duffy Breaux, Jr., Sheriff & Lafourche Parish Sheriff's Office.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
This appeal involves a workmen's compensation suit brought by a deputy sheriff employed by the Lafourche Parish sheriff's office.
The petition of Eddie Joseph Rodrigue, Jr., alleges that on August 30, 1978, while in the course and scope of his employment as a deputy sheriff, he sustained injuries which entitle him to workmen's compensation benefits as provided by law. Made defendants were Duffy Breaux, Jr., the sheriff of the Parish of Lafourche, and the Lafourche Parish Sheriff's Office.
Those defendants filed the peremptory exception raising the objections of no cause of action and no right of action. The exception was sustained by the district court. The plaintiff has appealed that judgment. We notice ex proprio motu the objection of nonjoinder of an indispensable party, which may also be raised by the peremptory exception. La.C.C.P. art. 927.
Deputy sheriffs are employees of the state of Louisiana. Foster v. Hampton, 381 So.2d 789 (La.1980). In Vernon Michaelman v. Sheriff J. Al. Amiss, Warden Rodger Aucoin, The Parish of East Baton Rouge, and the State of Louisiana, 381 So.2d 789 Number 12774 on the docket of this court, rendered May 5, 1980, we said:
"In our original opinion in this case, reported at 376 So.2d 1029 (La.App. 1st Cir. 1979), we held that the State is not the employer of a deputy sheriff and, therefore, is not vicariously liable for his torts. We found that a contrary statement by our Supreme Court in Foster v. Hampton, 352 So.2d 197 (La.1977), was pure dictum. Foster v. Hampton has since revisited the Supreme Court, and that court has reaffirmed its position that the State is the employer of a deputy sheriff. The case at bar has been remanded to this court for reconsideration in light of that reaffirmation.
* * * * * *
"We see no significance in the factual or financial distinctions made by the State. When the Louisiana Supreme Court renders a decision dealing with the same subject matter as that of another case pending before it, the court's policy is to remand the pending case to the Court of Appeal for reconsideration in light of the case already decided by the Supreme Court. We are convinced the Supreme Court intends that a deputy sheriff be recognized as an employee of the State regardless of the factual situation." (Emphasis added.)
The State of Louisiana, as the employer of the plaintiff, is an indispensable party to this workmen's compensation proceeding. We remand to permit plaintiff to amend his petition to name the State of Louisiana as a party defendant and thereafter for reconsideration in light of Foster and Michaelman, supra.
While we find it unnecessary to consider the contention of plaintiff that La.R.S. 23:1034 is unconstitutional as sought to be applied, we fail to understand how a declaration of unconstitutionality would avail plaintiff of the relief he seeks. To the contrary, it appears such a result would only invalidate the eligibility of criminal deputy sheriffs for the parish of Orleans for workmen's compensation benefits, not extend eligibility to deputy sheriffs throughout Louisiana. It now seems more appropriate to consider the classification of a deputy sheriff as an "employee" and his apparent joint employment by two or more employers. See La.R.S. 23:1031. Cf. La. R.S. 23:1034. If a deputy sheriff is no *62 longer to be considered a "public officer" within the contemplation of Section 1034, as enunciated in prior jurisprudence, the 1977 amendment adding workmen's compensation coverage for criminal deputy sheriffs of Orleans parish is superfluous.
Plaintiff is allowed thirty days from receipt of the record by the Clerk of the Seventeenth Judicial District Court to amend his petition. The judgment appealed is vacated to allow compliance with these reasons. La.C.C.P. art. 2164. Costs of this appeal are taxed one-half to plaintiff and one-half to defendants.
VACATED AND REMANDED.