394 So.2d 805 (1981)
Terrell J. CARMOUCHE
v.
Paul OUBRE and the State of Louisiana.
No. 11590.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
*806 Stephen J. Caire, Asst. Atty. Gen., William Guste, Jr., Atty. Gen., Warren E. Mouledoux, 1st Asst. Atty. Gen., New Orleans, for defendant-appellee State.
Daniel E. Becnel, Jr., C. William Bradley, Jr., Barry J. Landry, Law Offices, Reserve, for plaintiff-appellant.
Steven F. Griffith, Sr., Steven F. Griffith, Destrehan, for defendants-appellees.
Before REDMANN and SCHOTT, JJ., and EDWIN R. HUGHES, Assigned Judge.
SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit against defendants, Paul Oubre and the State of Louisiana, on exceptions of no cause of action filed by them.
In considering the exceptions of no cause of action, the correctness of the allegations of fact is conceded and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording plaintiff the opportunity of presenting his evidence. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
Plaintiff alleged as follows: After his employee had an accident while driving plaintiff's truck plaintiff proceeded to the scene of the accident. Upon discovering that the employee was injured he sent him to the hospital for treatment. Defendant Oubre, a deputy sheriff, arrived on the scene and despite plaintiff's cooperating with defendant in the investigation plaintiff was arrested for resisting an officer and taken to jail by defendant. Plaintiff was falsely arrested, detained and imprisoned by defendant who had no probable *807 cause to arrest him or initiate criminal proceedings against him. Oubre maliciously arrested him and instituted criminal proceedings against him for the purpose of harassment, embarrassment, and other ulterior motives. Oubre had "a long standing hatred of plaintiff, and had an ulterior motive and purpose in willfully using process improper in the regular administrative handling and prosecution of a routine, single-vehicle traffic violation proceeding." In a subsequent trial plaintiff was acquitted. Defendants Oubre and the State are guilty of abuse of process, and the State is likewise liable for the acts of Oubre committed by him within the course and scope of his employment.
As to defendant Oubre the essential elements of malicious prosecution as set forth in Junot v. Lee, 372 So.2d 707 (La. App. 4th Cir. 1979), are alleged with sufficiency under the standards laid down by Hero Lands Company case. The same liberal treatment of allegations of the petition leads to the conclusion that a cause of action is stated for abuse of process as discussed in Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir. 1976), writs refused, 343 So.2d 201.
In this court defendant Oubre argues that the petition is vague and that because various paragraphs of the petition do not incorporate other paragraphs by reference plaintiff somehow fails to state a cause of action when each specific complaint, such as battery, malicious prosecution and abuse of process is isolated. As to his first point, defendant's remedy was to file the dilatory exception of vagueness under C.C.P. Art. 926 and his failure to do so constitutes a waiver. To agree with defendant's other argument concerning the technical structure of the petition would be contrary to C.C.P. Art. 865's requirement that every pleading shall be so construed as to do substantial justice.
Plaintiff's allegation that the wrongful acts of Oubre were committed in the course and scope of his employment is sufficient to state a cause of action for vicarious liability against the State. In Foster v. Hampton, 352 So.2d 197 (La.1977), after remand, 381 So.2d 789 (La.1980) the court held that a deputy sheriff is an employee of the state and the state is vicariously liable under C.C. Art. 2320 for damages occasioned by the deputy sheriff in the exercise of the functions in which he is employed. The State's reliance on LSA-R.S. 42:1441 A is misplaced because that statute immunizes the state from liability for damages caused by various officers including the sheriff and his employees. Under the Foster case the deputy sheriff is not an employee of the sheriff so that the statute has no application.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Harold J. Carmouche, and against defendants, Paul Oubre and the State of Louisiana, overruling their exceptions of no cause of action. The case is remanded to the district court for further proceedings. All costs of this appeal are assessed against defendants with the balance of the cost to await the outcome of the case.
REVERSED AND REMANDED.