400 So.2d 1091 (1981)
Griffin F. PHILLIPS
v.
STATE of Louisiana, THROUGH the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 13821.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1092 James A. Wood, Baton Rouge, for plaintiff-appellee Griffin F. Phillips.
John W. King, Asst. to Gen. Counsel, Louisiana Dept. of Transp. & Development, Office of Highways, Baton Rouge, for defendant-appellant State of Louisiana thru the Dept. of Transportation & Development.
Before ELLIS, COVINGTON, LOTTINGER, CHIASSON, EDWARDS, PONDER, LEAR, COLE and WATKINS, JJ.
COLE, Judge.
This is a suit for damages for personal injuries suffered by Griffin F. Phillips when the van he was driving hit a pothole in the road, went out of control and struck a tree. Defendant is the State of Louisiana, which was responsible for maintaining State Highway 64, where the accident happened. After trial on the merits, judgment was rendered in favor of plaintiff and defendant has appealed. We reverse.
Plaintiff, a deputy sheriff, was operating a van belonging to the sheriff of East Baton Rouge Parish, and was engaged in answering a call. He was driving at about 45 or 50 miles per hour when he observed a large pothole, about four and one-half feet in diameter and seven inches deep, immediately in front of him. Because there was no shoulder to his right, and traffic approaching from the other direction, he testified he had no alternative but to hit the pothole. He stated as a result of the impact the steering wheel was torn from his grasp, the van veered to the right into the ditch and struck a tree causing his injuries.
*1093 The issue presented is whether plaintiff, a deputy sheriff, has a right of action against the State of Louisiana for tort damages, or whether his exclusive remedy is for workmen's compensation.
Although the peremptory exception, raising the objection of no right of action, is not found in the record, the Department's portion of the pre-trial order raises the question of workmen's compensation as plaintiff's exclusive remedy.[1] The pre-trial order controls the issues to be presented at trial. La.Code Civ.P. art. 1551. The trial transcript does reflect the peremptory exception raising this issue was orally argued resulting in a ruling favorable to the plaintiff.
The Department has filed the peremptory exception, raising the objection of no right of action, in this court. The case had been submitted for decision October 24, 1980, and the exception was filed November 12, 1980. Ordinarily such an exception would not be heard because it was not filed prior to submission. La.Code Civ.P. art. 2163. The existence of no right of action may be noticed by the court on its own motion however, so we will deal with the issue. La.Code Civ.P. art. 927.
The Department urges the plaintiff, as a deputy sheriff, is an employee of the State, and as such his recovery is limited to workmen's compensation, citing R.S. 23:1032;[2]Foster v. Hampton, 381 So.2d 789 (La.1980) and Michaelman v. Amiss, 385 So.2d 404 (La.App. 1st Cir. 1980). These cases both involve tort suits against the State for acts of a deputy sheriff causing injury. Here, the deputy sheriff sustained the injuries and brings the action against the State for primary fault on the part of the State. In Foster and Michaelman, a deputy sheriff is held to be an employee of the State.
In prior jurisprudence dealing with the applicability of workmen's compensation to deputy sheriffs, deputy sheriffs have been found to be public officers of the State rather than employees, and, as such, not covered by workmen's compensation.[3]Richardson v. Heyd, In and For Parish of Orleans, 278 So.2d 167 (La.App. 4th Cir. 1973); Johnson v. Northern Assurance Co. of America, 193 So.2d 920 (La.App. 3d Cir. 1967); Mitchell v. James, 182 So.2d 144 (La.App. 3d Cir. 1966). We note these intermediate appellate court cases were all decided before the Supreme Court handed down Foster and Michaelman.
R.S. 23:1034 deals specifically with public employees and sets out those who are to be covered by workmen's compensation. It reads as follows:
"The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall *1094 not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein." (Part emphasized added by 1977 amendment.)
In Rodrique v. Breaux, 388 So.2d 60 (La. App. 1st Cir. 1980), a suit brought by a deputy sheriff against the sheriff and his office for workmen's compensation, after reviewing Foster and Michaelman, we held:
"The State of Louisiana, as the employer of the plaintiff, is an indispensable party to this workmen's compensation proceeding. We remand to permit plaintiff to amend his petition to name the State of Louisiana as a party defendant and thereafter for reconsideration in light of Foster and Michaelman, supra."
Further, we said:
"It now seems more appropriate to consider the classification of a deputy sheriff as an `employee' and his apparent joint employment by two or more employers. See La.R.S. 23:1031. Cf. La.R.S. 23:1034. If a deputy sheriff is no longer to be considered a `public officer' within the contemplation of Section 1034, as enunciated in prior jurisprudence, the 1977 amendment adding workmen's compensation coverage for criminal deputy sheriffs of Orleans Parish is superfluous."[4]
In Michaelman, supra, we originally held (376 So.2d 1029) the State is not the employer of a deputy sheriff, finding a contrary statement by our Supreme Court in Foster, supra, to be pure dictum. The Supreme Court granted writs in Michaelman and remanded for reconsideration in light of Foster. We then said (385 So.2d 405):
"We are convinced the Supreme Court intends that a deputy sheriff be recognized as an employee of the State regardless of the factual situation."
We now reiterate this position believing any doubt as to the status of a deputy sheriff as an employee of the State was laid to rest when the Supreme Court ordered us to reconsider Michaelman in light of Foster.
La.R.S. 23:1034 covers all state employees. The 1977 amendment specifically providing compensation for criminal deputy sheriffs for the Parish of Orleans must be construed against the background of prior court decisions declaring such persons to be public officials. We do not believe the Legislature necessarily intended, by covering Orleans deputies, to exclude all other deputies. It is more logical to believe the Legislature was mislead by the "public official" status conferred on deputies by jurisprudence, a status which we now repudiate. Logic dictates if a deputy sheriff is an "employee" of the State for purposes of respondeat superior tort liability, he is an employee for purposes of workmen's compensation provided by R.S. 23:1034. Compensation is founded in the "employer-employee" relationship. Once established, societal interests justify the flow of compensation benefits, absent a clear statutory exclusion.
R.S. 23:1034 limits plaintiff's remedy to one in workmen's compensation.[5] The tort remedy afforded generally for the particular grievance here asserted cannot be invoked by him. He is without interest to *1095 institute such a suit. The peremptory exception raising the objection of no right of action, is valid and must be maintained. See Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977).
The judgment appealed from is reversed, at plaintiff's costs.
REVERSED.
ELLIS, J., dissents and assigns written reasons.
WATKINS and CHIASSON, JJ., dissent for reasons assigned by ELLIS, J.
ELLIS, Judge, dissenting:
The state, through the Department of Transportation and Development argues, and the majority in this case has held, that plaintiff, as a deputy sheriff, is an employee of the state, and as such his recovery is limited to workmen's compensation, citing R.S. 23:1032; Foster v. Hampton, 381 So.2d 789 (La.1980) and Michaelman v. Amiss, 385 So.2d 404 (La.App. 1st Cir. 1980). These cases both involve tort suits against the state for acts of a deputy sheriff causing injury. For the purposes of respondeat superior, a deputy sheriff is held to be an employee of the state.
In cases dealing with the applicability of workmen's compensation to deputy sheriffs, they have been found to be public officers of the state rather than employees, and, as such, not covered by workmen's compensation. Johnson v. Northern Assurance Co. of America, 193 So.2d 920 (La.App. 3rd Cir. 1967); Mitchell v. James, 182 So.2d 144 (La.App. 3rd Cir. 1966).
R.S. 23:1034 deals specifically with public employees and sets out those who are to be covered by workmen's compensation. It reads as follows:
"The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein."
In Rodrigue v. Breaux, 388 So.2d 60 (La. App. 1st Cir. 1980), this court declared deputy sheriffs of all parishes to be covered by workmen's compensation, and that the legislation to the contrary is "superfluous." The court is not at liberty to ignore acts of the legislature, Article 13, Civil Code, nor to correct supposed errors which cause no ambiguity. Rada v. Administrator, Div. of Emp. Sec., State, D. of L., 319 So.2d 460 (La.App. 4th Cir. 1975), writ denied. In my opinion, these rules of statutory interpretation, including the legal maxim that the inclusion of the one operates the exclusion of all others, mandate the reversal of Rodrigue v. Breaux, supra, insofar as it holds that all deputy sheriffs are covered by workmen's compensation under R.S. 23:1034.
I therefore dissent.
NOTES
[1] We surmise the pleading was filed in the companion suit which was consolidated with this one for purposes of trial. Consolidation for trial purposes does not obviate the necessity to file such pleadings in the separate records, even though they are captioned with the title of both actions. The companion suit was dismissed and no appeal was taken.
[2] The relevant provision is R.S. 23:1034, specifically dealing with public employees.
[3] In disagreement with this result is Malone & Johnson, Louisiana Workers' Compensation Law and Practice, Section 98, (2d ed. 1980). The writers outline a rational basis upon which a deputy should be classified as an "employee," as distinguished from a "public official." They reason the exclusion of deputies from compensation tends to defeat the broad purpose of the Act, and caution: "The decisions with respect to deputy sheriffs... should be examined with care."
[4] Cf. Carmouche v. Oubre and the State of Louisiana, 394 So.2d 805 (La.App. 4th Cir. 1981), Docket Number 11,590, rendered February 5, 1981, as regards the joint employment concept. Carmouche involves an alleged tort by a deputy sheriff, holding in part that under Foster, the deputy sheriff is not an employee of the sheriff. See also, La.R.S. 33:2218.8.
[5] A collateral issue, whether or not the State of Louisiana possesses a dual capacity permitting a person employed in one of its departments to sue the State in tort because of legal fault emanating from a separate department, was treated by us in Wright v. Moore, 380 So.2d 172 (La.App. 1st Cir. 1979). See also, Developments in the Law, 1979-1980Workers' Compensation, 47 La.L.Rev. 557, 575-578 (1981).