425 So.2d 232 (1982)
William E. BRODNAX, Plaintiff & Appellant,
v.
Marshall T. CAPPEL, Sheriff, et al., Defendants & Appellees.
No. 82-425.
Court of Appeal of Louisiana, Third Circuit.
December 2, 1982.
*233 Shelby E. Bohannon, Alexandria, for plaintiff & appellant.
Charles F. Wagner, Pineville, Frank Craig, III, of Breazeale, Sachse & Wilson, Baton Rouge, for defendants & appellees.
Before CULPEPPER, DOUCET and YELVERTON, JJ.
CULPEPPER, Judge.
This is a suit for worker's compensation benefits, or, in the alternative, damages for personal injuries caused by negligence. In his original petition, plaintiff alleges that he was employed by Marshall T. Cappel, Sheriff of Rapides Parish, as a deputy sheriff assigned to the Rapides Parish Detention Center, and that while at work he slipped and fell on a catwalk and injured his back. Only Sheriff Cappel was named as a defendant in the original petition. In an amended petition, plaintiff adds the State of Louisiana as a defendant.
The State filed an exception of no cause of action on the grounds that the plaintiff was an employee of Sheriff Cappel, not the State of Louisiana, or, in the alternative, that plaintiff was an official of the State or *234 a political subdivision thereof, and therefore was not entitled to worker's compensation against the State. The District Court sustained the State's exception of no cause of action and dismissed plaintiff's suit against the State, both as to plaintiff's demand for worker's compensation and the alternative demand in tort.
The Sheriff filed an exception of no cause of action on the grounds that the plaintiff was not an employee of the Sheriff or, in the alternative, that the plaintiff was an official of the State or a political subdivision thereof, and therefore was not entitled to worker's compensation against the Sheriff. Judgment was rendered sustaining the Sheriff's exception of no cause of action as to the demand for worker's compensation, but overruling the exception as to plaintiff's demand against the Sheriff in tort.
Plaintiff has appealed the judgment dismissing both his worker's compensation demand and his tort demand against the State. He has also appealed the judgment dismissing his worker's compensation demand against the Sheriff.
The issues are: (1) Did the Trial Court err in dismissing plaintiff's suit against the State, both for worker's compensation and for damages in tort? (2) Did the Trial Court err in dismissing plaintiff's suit against the Sheriff for worker's compensation but overruling the exception of no cause of action as to plaintiff's demand in tort? We will discuss separately plaintiff's demand against the State and that against the Sheriff, because different rules are applicable to each.

DEMANDS AGAINST THE STATE
LSA-R.S. 23:1034 provides as follows:
"§ 1034. Public employees; exclusiveness of remedies
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.
B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs' deputies are, under R.S. 42:1, 33:1433, and 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts.
C. Notwithstanding the provisions of Subsection A hereof, any political subdivision may, in its own discretion and by using its own funds available for same, provide workmen's compensation coverage for its officials, in addition to having to provide such coverage for its employees.
Amended by Acts 1977, No. 528, § 1; Acts 1981, Ex.Sess., No. 25, § 1, eff. Nov. 19, 1981."
The accident in question in the present case occurred on November 23, 1980 at a *235 time when LSA-R.S. 23:1034 read substantially as shown by subparagraph A quoted above. Subparagraphs B and C were added by Act 25 of 1981, effective November 19, 1981.
In cases involving claims by deputy sheriffs for worker's compensation, the courts held for many years under the statute prior to the 1981 amendment that deputy sheriffs were not employees of the sheriff, but were instead "an official of the state or a political subdivision thereof" and therefore were excepted from coverage by the Workmen's Compensation Act. Richardson v. Heyd, in and for the Parish of Orleans, 278 So.2d 167 (La.App. 4th Cir.1974); Johnson v. Northern Assurance Company of America, 193 So.2d 920 (La.App. 3rd Cir.1967); Mitchell v. James, 182 So.2d 144 (La.App. 3rd Cir. 1966).
The problem started in Foster v. Hampton, 352 So.2d 197 (La.1977). There the plaintiff sued the East Baton Rouge Sheriff's Department for damages for personal injuries caused by the negligence of a deputy sheriff while driving one of the sheriff's vehicles. The sheriff filed an exception of no cause of action, alleging that under LSA-R.S. 33:1433 and the jurisprudence the sheriff is not liable for acts of his deputies under the doctrine of respondeat superior. The Court of Appeal and the Supreme Court affirmed the ruling of the district court sustaining the exception of no cause of action by the sheriff. The Supreme Court noted that the State of Louisiana was not a party to that proceeding, but it stated in dicta that a deputy sheriff is an officer and employee of the State of Louisiana.
After Foster v. Hampton, supra, was remanded to the district court, the plaintiff amended his petition to name the State of Louisiana as a defendant. The trial court sustained an exception of prescription filed by the State, and the Court of Appeal affirmed. The Supreme Court granted a writ and held that a deputy sheriff is an officer and an employee of the State, and that the filing of the original suit against the sheriff interrupted prescription because the State is a solidary obligor. 381 So.2d 789 (La. 1980).
Next came Phillips v. State, through Department of Transportation, 400 So.2d 1091 (La.App. 1st Cir.1981) in which a deputy sheriff of East Baton Rouge Parish was injured while driving a sheriff's vehicle in the course of his employment. He sued the State of Louisiana for worker's compensation, or, in the alternative, damages for negligence of the State in allowing a large pothole to remain in the highway. A divided Court of Appeal held the deputy sheriff had no "right of action" against the State for damages in tort, since his exclusive remedy against the State was for workmen's compensation. The majority relied on Foster v. Hampton, 381 So.2d 789 (La.1980) which had held, as discussed above, that a deputy sheriff is an employee of the State for purposes of respondeat superior, the majority concluding that a deputy sheriff therefore must also be held to be an employee of the State for purposes of workmen's compensation.
Then came Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.1981). There the plaintiff sought damages for personal injuries caused by the negligence of a Jefferson Parish deputy in the operation of an official vehicle while on duty. The State was not a party. The trial court sustained the sheriff's exception of no cause of action, the Court of Appeal affirmed, and the Supreme Court granted writs. The Supreme Court discusses the Foster v. Hampton cases, supra, and Act 318 of 1978, which the Court states was for the obvious purpose of overruling the dicta in the first Foster decision to the effect that a deputy sheriff is an employee of the State, for whose acts the State is liable under the doctrine of respondeat superior. Act 318 of 1978 expressly provides that the State of Louisiana shall not be liable for any damages caused by a sheriff or an employee of a sheriff. A divided Supreme Court held in Jenkins that deputy sheriffs are employees of the sheriff, not the State.
Next comes Act 25 of the First Extraordinary Session of 1981, which added subparagraphs B and C to LSA-R.S. *236 23:1034, quoted above. The title to Act 25 expressly states that its purpose is "to interpret and clarify by definition the `officials' excepted" from worker's compensation coverage, and subparagraph B expressly lists deputy sheriffs as exempted officials. There can be no doubt as to the legislative intent, despite the controversy in the jurisprudence discussed above. The legislature states it intends and always has intended that deputy sheriffs are officials exempted from worker's compensation.
Plaintiff's principal argument on appeal is that his injury occurred on November 23, 1980, before Act 25 of 1981 became effective on November 19, 1981. Plaintiff contends Act 25 made a change in the substantive law and therefore has only prospective effect, not retroactive effect. Rodriguez v. Brown & Root, Inc., 410 So.2d 325 (La.App. 4th Cir.1982). We find no merit in this argument. As stated above, the title to Act 25 of 1981 expressly states its purpose is to interpret and clarify by definition the "officials" exempted from coverage by the Worker's Compensation Act. Jurisprudence has firmly established the rule that laws enacted by the legislature for the purpose of interpreting or clarifying previous laws are given retroactive effect. Dripps v. Dripps, 366 So.2d 544 (La.1979).
We conclude plaintiff has no cause of action against the State of Louisiana for workmen's compensation.
The next question is whether the plaintiff has alleged a cause of action against the State of Louisiana for damages based upon negligence. Paragraph 16 of plaintiff's petition alleges the following:
"Petitioner alleges that on or about 11:00 o'clock A.M. on November 23, 1980, as petitioner was proceeding down the catwalk on the south side of the Rapides Parish Detention Center between cellblock 513 and 512, he suddenly slipped and fell causing severe painful and permanent injuries to his person which are enumbered below. Petitioner alleges that defendant was negligent in the following non-exclusive particulars.
"A. Failure to provide petitioner with a proper and safe place for the performance of his duties;
B. By failing to provide plaintiff with proper equipment for the performance of his duties;
C. Failure to provide petitioner with adequate help in the performance of his duties;
D. Failure to provided adequate medical care subsequent to the accident complained of above.
E. Such other acts of negligence which may be determined after the completion of the discovery pursuant to Louisiana Code of Civil Procedure Articles."
All of the alleged negligence derives from duties owed by an employer to its employee. Although for the reasons stated above, plaintiff is barred by statute from recovering worker's compensation benefits, he nevertheless could possibly have a cause of action against his employer or a third party for damages in tort. Plaintiff has not alleged that he is an employee of the State. He alleges only that he is an employee of the Sheriff. Moreover, plaintiff makes no allegations as to how the State of Louisiana could be responsible for the conditions under which plaintiff worked at the Rapides Parish Detention Center. We conclude plaintiff has failed to state a cause of action against the State of Louisiana in tort.
LSA-C.C.P. Article 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment to the petition, the judgment sustaining the exception shall order such amendment within a delay allowed by the court. We do not know any possible allegations that plaintiff could make that the State breached a duty which it owed to the plaintiff in this case. In his appellate brief, plaintiff argues only his demand for worker's compensation. He does not argue that he has a cause of action against the State in tort. If plaintiff knows of some possible amendment which he could make to his petition so as to state a cause of action against the State in tort, he can suggest *237 this in application for rehearing and we will consider it.
We conclude the trial judge correctly sustained the State's exception of no cause of action and dismissed plaintiff's suit as against the State, both for his demand for worker's compensation and his demand in tort.

DEMANDS AGAINST THE SHERIFF
As stated above, the district court sustained the Sheriff's exception of no cause of action as to plaintiff's demand for worker's compensation but overruled the exception as to plaintiff's demand for damages in tort. This procedure has been prohibited by our Supreme Court. In Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980), plaintiff sued his automobile collision insurer for the value of his totally destroyed automobile, and in addition he sued for "damages for breach of fiduciary obligation." The defendant insurer filed an exception of no cause of action as to the demand for damages for breach of fiduciary obligation. The district court sustained the exception and ordered that item of damages struck from the petition. Defendant's application to the Court of Appeal for writs was denied, but the Supreme Court granted writs and held as follows:
"When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
The purpose of the rule is to prevent multiple appeals. The trial court's ruling in this case is a final judgment which creates the right of appeal as to only part of plaintiff's cause of action and forces the intermediate court to consider the merits of that cause of action in a piecemeal fashion. The preferable procedure is for the trial court to overrule the exception and at the trial on the merits to exclude evidence of damages for breach of fiduciary obligation, it the court believes such damages are not recoverable. Relator can then include the evidence by means of a proffer, and in any subsequent appeal all issues can be presented at one time."
Under the Supreme Court ruling in Rodriguez, it was error for the district court to sustain the Sheriff's exception of no cause of action as to the demand for worker's compensation but overrule the exception as to the demand for damages in tort. This case must therefore be remanded to the District Court for proceedings in accordance with Rodriguez.

DECREE
For the reasons assigned, the judgment sustaining the exception of no cause of action filed by the State of Louisiana and dismissing plaintiff's suit against the State is affirmed. The judgment sustaining the Sheriff's exception of no cause of action to plaintiff's demand for workmen's compensation is reversed and set aside, and this case is remanded to the District Court for further proceedings on plaintiff's demand against the Sheriff in accordance with law and the views expressed herein.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.