WATKINS and SHORTESS, JJ.,
concurring.
This case presents the latest in a long series of cases and statutory amendments that have arrived at or dictated different results as to whether or not deputy sheriffs were afforded coverage by the Workmen’s Compensation Act.
The applicable provision of the Compensation Act applying to public employees is La.R.S. 23:1034.
Subsections B and C were added to the statute by Act No. 25 of 1981, effective November, 1981.
Under the statute as it stood before the 1981 amendment, it was first held that a deputy sheriff was not ah “employee” of the sheriff, but rather “an official of the state or a political subdivision thereof” and hence not covered by workmen’s compensation. Richardson v. Heyd, In and for the Parish of Orleans, 278 So.2d 167 (La.Apip. 4th Cir.1973); Johnson v. Northern Assurance Co. of America, 193 So.2d 920 (La.App. 3rd Cir.1967); Mitchell v. James, 182 So.2d 144 (La.App. 3rd Cir.1966).
In Foster v. Hampton, 352 So.2d 197 (La. 1977), the Louisiana Supreme Court stated, in dicta, in a tort action, that a deputy sheriff was an employee of the State, and his tortious conduct rendered the State liable under the doctrine of respondeat superi- *1274 or. Foster v. Hampton, carried to its logical conclusion, had obvious implications with regard to the affording of workmen’s compensation coverage to sheriffs’ deputies, which this court, in subsequent cases presented to us for review, properly noted.
In Rodrigue v. Breaux, 388 So.2d 60 (La. App. 1st Cir.1980), we held, in a suit brought by a deputy sheriff against a sheriff for workmen’s compensation, that the State of Louisiana was an indispensable party to the proceeding, and remanded the case to permit the plaintiff to amend his petition. In Phillips v. State, Through Dept. of Transp., 400 So.2d 1091 (La.App. 1st Cir.1981), writ denied 401 So.2d 1195 (La.1981), and writ not considered, 403 So.2d 70 (La.1981), we held that the sole remedy of a deputy sheriff who was injured when the motor vehicle in which he was riding struck a pothole, lay under the Workmen’s Compensation Act, not in tort, as the deputy sheriff was an employee of the State for all purposes, not merely tort-re-spondeat superior purposes.
Meanwhile, in an apparent attempt to legislatively overrule Foster v. Hampton, supra, the Louisiana Legislature by Act No. 318 of 1978, amended La.R.S. 33:1433 and added La.R.S. 42:1441, the latter providing that the State was not liable for damages caused by, inter alia, a sheriff or his employees. The 1978 act was held by the Louisiana Supreme Court in Jenkins v. Jefferson Parish Sheriffs Office, 402 So.2d 669 (La.1981) to have the effect of making the sheriff liable in his official capacity for torts of a deputy sheriff. Dicta in the case indicated the State, which was not a party in Jenkins, was no longer liable for the tortious acts of a deputy sheriff.
Here the matter stood until the State Legislature enacted Act No. 25 of 1981, which as we have stated, added Subsections B and C to La.R.S. 23:1034. Subsection B provided that sheriffs’ deputies are appointed public officers and officials of their respective political subdivisions. Subsection C provided that a political subdivision may in its own discretion with its own funds provide workmen’s compensation coverage. The record shows that in the present case no workmen’s compensation coverage was obtained by Sheriff Baudoin or the St. Mary Parish Sheriff’s Office.
Act No. 25 took effect on November 19, 1981. The death of Deputy Kahl occurred on June 4, 1980. Thus, for Act No. 25 to apply to the present case, it must be given retroactive effect. The Third Circuit in circumstances similar to those in the present case accorded Act No. 25 retroactive effect in Brodnax v. Cappel, 425 So.2d 232 (La.App. 3rd Cir.1982). The court noted that the title to Act No. 25 had characterized the Act as interpretive of La.R.S. 23:1034 in its providing that public officials were not covered by workmen’s compensation. In a civilian jurisdiction, interpretive statutes are given retroactive effect. See Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1974); Brodnax, supra.
We are compelled to disagree with our brethren of the Third Circuit in their conclusion that Act No. 25 is truly interpretive legislation. As can be gathered from the discussion above, a degree of uncertainty existed as to whether sheriff’s deputies were public officials or employees, or, if they were employees, as to whether the State or the sheriff was their employer. Act No. 25 obviously was enacted with the purpose of putting these questions to rest. Act No. 25 goes against two decisions of this circuit, Rodrigue, supra, and Phillips, supra. It thus changes the law, creating certainty where there was doubt, and establishing a policy contrary to that expressed by one of the five circuits of this State, and the Supreme Court of Louisiana in Foster v. Hampton, supra. Thus, regardless of the manner in which the State Legislature may have characterized Act No. 25, that Act is, as a matter of fact and law, substantive legislation, not interpretive legislation. Substantive legislation may not be applied retroactively, nor may vested rights, such as accrue in an action for personal injury (or workmen’s compensation) be divested by retrospective application of state statutes. La.C.C. art. 8; Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir.1980). Act No. 25 would divest vested rights accruing to Mrs. Kahl which had arisen long before the *1275 dates of its enactment and of its taking effect. Thus, it does not apply to the present claim, and Mrs. Kahl would be entitled to death benefits from the State under the workmen’s compensation statute, were it not for the fact that the claim had prescribed.
La.R.S. 23:1209 governs the prescriptive periods for actions for workmen’s compensation,. and reads as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IY of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
The applicable prescriptive period in the present case is one year from the date of death, June 4,1980. The State of Louisiana was named as a party defendant by amended petition filed on October 30, 1981, which the trial court ordered filed, on the face of the same pleading, on November 2, 1981. Thus, plaintiffs’ claim has clearly prescribed. Sheriff Baudoin was not liable in workmen’s compensation at the time of Kahl’s death, as the prior discussion demonstrates. Thus, he was not a debtor in soli-do. As the State of Louisiana was the sole entity responsible for workmen’s compensation in the event of death or injury to a deputy sheriff, it was necessary that it be named a party defendant within the one-year prescriptive period. It was not. Plaintiffs’ claim had therefore clearly prescribed.
We respectfully concur for the reasons given above.