377 So.2d 1277 (1979)
H. R. LOTT et al., Plaintiffs-Appellants,
v.
LOUISIANA POWER & LIGHT COMPANY et al., Defendants-Appellees.
No. 7139.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Rehearing Denied January 15, 1980.
*1278 Gravel, Roy & Burnes by Christopher J. Roy, Alexandria, William Henry Sanders, Jena, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh, R. L. Davis, Jr., Monroe, Gist, Methvin, Hughes & Munsterman, Dorwan G. Vizzier, Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, Alexandria, Shuey, Smith & Fleming, John M. Shuey, Shreveport, Provosty, Sadler & DeLaunay, William H. DeLaunay, Alexandria, Gahagan & Gahagan, H. C. Gahagan, Natchitoches, for defendants-appellees.
Before CULPEPPER, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff appeals from a judgment which, inter alia, sustained a plea of prematurity and dismissed her petition for an increase in workmen's compensation benefits against her deceased husband's employer and its insurer. The trial court, rejecting plaintiff's contention that every source of income be considered in calculating the average weekly wage, held that the compensation claim was premature in view of the regular, timely, and adequate payments made to plaintiff by the employer's insurer prior to the trial of the exception. We affirm.
On August 29, 1977, Huey Lott died of injuries he received after being electrocuted while performing his duties as a contract pumper at a well site operated by his employer, Smith Operating and Management Company, Inc., hereafter SOMC. Plaintiff, Sylvia Lott, as surviving spouse, and her two major children, Hardtner R. Lott and Constance Ann Lott, subsequently brought a tort action against several defendants for the wrongful death of her husband and their father, Huey Lott. Included as a defendant in the original tort action was decedent's employer, SOMC.
On February 27, 1978, SOMC's workmen's compensation insurance carrier, Continental Insurance Company, hereafter Continental, intervened in plaintiff's suit to be reimbursed for compensation benefits paid to plaintiff, as surviving spouse, in the event plaintiff and her children should prevail against the defendants in their tort action.
SOMC filed a motion for summary judgment on September 28, 1978 seeking dismissal of the tort-based demands of plaintiffs and intervenor on the ground that as against itself, as decedent's employer, the exclusive remedy of the survivors of Huey Lott are under the Louisiana Workmen's Compensation Act.
Thereafter on November 29, 1978, the plaintiff, Sylvia Lott, by Seventh Supplemental and Amending Petition, asserted a workmen's compensation claim against SOMC and Continental seeking to increase the weekly benefits being received from $64.16 to $95.00 per week. Regarding same, plaintiff filed a motion for summary judgment the same day.
In turn, SOMC and Continental jointly filed an exception of prematurity to the Seventh Supplemental and Amending Petition asserting the timeliness and adequacy of benefits being paid to plaintiff-appellant.
After a hearing on January 16, 1979, the trial court in a judgment signed on February 23, 1979 denied the motion for summary judgment filed by Sylvia Lott; granted summary judgment in favor of SOMC; and *1279 sustained the exception of prematurity filed by SOMC and Continental. From this judgment plaintiff, Sylvia Lott, appeals.
That part of the trial court's judgment which overruled plaintiff's motion for summary judgment is not before us as it is not a final judgment from which plaintiff has a right of appeal. LSA-C.C.P. Article 2083. See Cardean, Inc. v. Cannon, 307 So.2d 818 (La.App.3rd Cir. 1975).
Plaintiff's children, Hardtner R. Lott and Constance Ann Lott, as well as intervenor, Continental, have not appealed the judgment, thereby making the dismissal of their tort claim against SOMC final. Although Sylvia Lott has appealed from the judgment signed February 23, 1979, it appears that she has abandoned her tort claim and addresses on appeal only the trial court's granting of the exception of prematurity dismissing her compensation claim.
The determinative issue on appeal is whether or not the trial court erred in sustaining the defendant's exception of prematurity. The defendants base their exception of prematurity on LSA-R.S. 23:1314, which reads in pertinent part as follows:
"Unless in the verified petition ... it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, ... the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; ..."
In her Seventh Supplemental and Amending Petition, the plaintiff contends that she is not being paid the maximum percent of benefits due to her by law. At the time of the filing of the petition for workmen's compensation benefits, Mrs. Lott was receiving $64.16 per week in benefits from Continental. Plaintiff claims she is entitled to receive $95.00 per week, the maximum amount allowable under the Louisiana Workmen's Compensation Act, based on an alleged average weekly wage of $569.00, asserted by plaintiff to be the weekly earnings of her late husband at time of death.
Benefits payable to the survivors of an employee covered under the Workmen's Compensation Act are governed by LSA-R.S. 23:1021 and LSA-R.S. 23:1232, which must be read in pari materia, and provide in pertinent part, as follows:
Title 23, Section 1021, provides:
"...
(7) Wages means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater;

b) If the employee is employed on a monthly basis, his monthly salary divided by four ..."
Sub-section 1, R.S. 1232, provides:
"Payments to dependents shall be computed and divided among them on the following basis:

1) If the widow or widower alone, 32½ percentum of wages. ..."
All parties concede that, under the facts of this case, Mrs. Lott is entitled to receive 32½% of Mr. Lott's "average weekly wage". The trial court correctly confirmed plaintiff's statutory entitlement to payment of compensation benefits. The disagreement that forms the crux of this appeal is in the calculation of Mr. Lott's wages for compensation benefits. The appellant alleges that the trial court erred in that it 1) failed to use all of the deceased's wages regardless of their source, and 2) that it erred in finding that the deceased was employed on a monthly rather than an alternative basis.
At the time of Huey Lott's fatal accident, he was receiving income from two sources. *1280 Mr. Lott was under contract as a pumper with SOMC to service the Smith lease well site situated in LaSalle Parish, near Urania, Louisiana. For his services, SOMC paid Huey Lott $385.00 monthly. Mr. Lott also worked as a contract pumper for S.S.M. partnership in Tullos, Louisiana and for the eight months of 1977 prior to his death, S.S.M. had paid Huey Lott $16,700.00 or $2,087.50 per month. The accident occurred while Huey Lott was working at SOMC's well site at Urania. The trial court did not consider the wages paid by S.S.M. in the determination of the compensation liability of SOMC and its insurer.
The plaintiff contends that the trial judge should have used Mr. Lott's total monthly income, regardless of the source, in computing the benefits payable to Mrs. Lott. In support of this position plaintiff refers us to Rylander v. T. Smith and Sons, Inc., 149 So. 434 (La.1933); King v. American Tank and Equipment Corp., 144 So. 284 (La.App.2d Cir. 1932); and Jones v. Orleans Parish School Bd., 370 So.2d 677 (La. App.4th Cir. 1979).
Rylander and King, supra, were Depression era workmen's compensation cases wherein the courts interpreted the effect of two amendments to the original 1914 Workmen's Compensation Act, specifically section 8, whereby "wages" had been redefined to mean "the daily rate at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury". In Rylander and King the courts interpreted the amendments to mean that a part-time employee on a regular payroll, as in Rylander, or a temporary worker, as in King, should receive compensation in terms of a full working week of six days with eight hours per day, based on the "daily rate", in accordance with the apparent legislative intent evidenced by the 1924 and 1928 amendments. In its holding in Rylander, the Supreme Court made the following statement:
"... The workman's compensation statute is not a statute allowing the workman damages for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earnings capacity, see section 8, subsec. 1(a) (b) (c). That earning capacity was first fixed, under the original act, as the `average weekly wages' for the year preceding the injury; it is now fixed, by the amending acts, at `the daily rate of pay * * * at the time of the injury."

Rylander and King do not stand for the proposition for which plaintiff would have them serve. In neither case was there the issue of multiple employment. The courts in both instances were involved in the interpretation of specific statutory language. The "earning capacity" for which the workman is insured against loss is a statutorily defined value, i. e., "wages", as the Supreme Court emphatically pointed out in the above excerpt.
The trial court in the instant case applied the current language for "earning capacity" as it is contained in LSA-R.S. 23:1021(7), supra, holding that Huey Lott was employed by SOMC on a monthly basis, and under the clear language of the extant definition of "wages", the average weekly wage of Huey Lott at the time of his death was $96.25, i. e., the monthly salary of Huey Lott paid by his employer, SOMC, $385.00, divided by four. LSA-R.S. 23:1021(7)(b). In so holding, it is apparent that the trial court was of the opinion that the workmen's compensation act does not require the consideration of all sources of income from different employers in benefit determination, rather, benefits are to be computed on the basis of the salary paid by the employer who is responsible for benefits under the actsuch an employer being required to pay benefits calculated only on the amount of "wages" which he pays to the employee, not on the total amount of wages earned by the employee from other sources. We agree.
LSA-R.S. 23:1031 evidences the intent of the legislature to make an employer's workmen's compensation liability to an injured employee depend only upon the wages which that employer pays to the employee and not upon the total income of the employee.
The statute provides, in pertinent part:

*1281 "In case any employee for whose injury or death payments are due is, at the time of injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee ... If one or more, but not all the employers are subject to this Chapter, then the liability of them so subject shall be to pay that proportion of the entire payments which their proportionate wage liability bears to the entire wages of the employee ..."

It is evident, therefore, that the only time wages from other employers are included in computing the employer's workmen's compensation liability is when the employers are joint employers of the same employee. That is not the case here. SOMC was not a joint employer of Huey Lott with any other employer. The workmen's compensation liability of SOMC is based only upon the wages paid by them to H. R. Lott, namely, $385.00 per month.
Able counsel for plaintiff has additionally referred us to the recent case of Jones v. Orleans Parish School Bd., supra. In that case, our learned brethren of the Fourth Circuit appear to hold that in calculating the earning differential of an employee for purposes of fixing the extent of recovery for partial disability under LSA-R.S. 23:1221(3), one must use the sum of the salaries earned by such partially disabled employee from all employment at time of injury. Although the court in Jones was concerned with the calculation of benefits due under a different section of the Workmen's Compensation Act, we acknowledge that the holding in Jones does lend support to the position which plaintiff advocates. We respectfully disagree with the holding in Jones, supra, and decline to follow same. In our view Louisiana's workmen's compensation law clearly and explicitly limits the employer's liability for workmen's compensation benefits to a statutorily fixed percentage of the "average weekly wage" paid by the responsible employer to the employee (subject to minimum and maximum benefits). In our opinion, although our law, as presently constituted, may in certain isolated cases, such as the instant case, not fully provide for loss of earning capacity, to fix an employer's liability for payment of benefits on all income of the employee, regardless of the source, would be patently unfair to the employer responsible for the payment of benefits.
Plaintiff-appellant also contends that the trial court erred in finding the deceased was employed on a monthly basis instead of an hourly or other basis. The trial court's finding that Mr. Lott was employed on a monthly basis is a factual one which is amply supported by the record. After reviewing the record, we are of the opinion that plaintiff's assignment of error in this regard is without merit.
For the reasons stated above, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.