EDWARDS, Judge.
This is a suit in workmen’s compensation. Plaintiff, individually and as natural tutrix of her two minor children, seeks to obtain death benefits under the Louisiana Workmen’s Compensation Act for the death of her husband, John Kahl, Sr.
Kahl, a former St. Mary Parish deputy sheriff, was fatally shot in the line of duty on June 4, 1980. Plaintiff brought suit against Chester C. Baudoin, Sheriff of St. Mary Parish, for workmen’s compensation benefits. Subsequently, the State of Louisiana was also named as a defendant.
The trial court ruled that Kahl was an employee, not a public official, for workmen’s compensation purposes under R.S. 23:1034, entitling plaintiff to recover death benefits. Furthermore, the court held that the State, not Sheriff Baudoin, was Kahl’s employer and thus liable to plaintiff for the benefits.
On appeal, the State contends that the trial court erred in: (1) finding Kahl a covered employee under R.S. 23:1034; (2) designating the State as the employer of decedent; and (3) overruling its exceptions of prescription and improper venue. Plaintiff, on appeal, seeks penalties and attorney fees under R.S. 22:658 for the alleged arbitrary and capricious refusal of the State and sheriff to pay death benefits.
APPLICABILITY OF WORKMEN’S COMPENSATION TO DEPUTY SHERIFFS
R.S. 23:1034 deals specifically with public employees and sets out those who are to be covered by workmen’s compensation. It provides as follows:
“Public employees; exclusiveness of remedies
“A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.
“B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs’ deputies are, under R.S. 42:1, 33:1433 and 33:9001 et seq., appointed public officers *1273 and officials of their respective political subdivisions, the parish law enforcement districts.
“C. Notwithstanding the provisions of Subsection A hereof, any political subdivision may, in its own discretion and by using its own funds available for same, provide workmen’s compensation coverage for its officials, in addition to having to provide such coverage for its employees. (Emphasis added.)
Amended by Acts 1977, No. 528, § 1; Acts 1981, Ex.Sess., No. 25, § 1, eff. Nov. 19, 1981.”
Paragraphs (B) and (C) were added by Act 25 of the 1981 Extraordinary Legislative Session. Paragraph (B) clearly designates deputy sheriffs (other than those of Orleans Parish) as public officials who are excluded from workmen’s compensation coverage. Under (C), such deputy sheriffs can be covered under workmen’s compensation if the “political subdivision,” in its discretion, elects to provide coverage from its own funds.[1]
The trial court ruled that paragraphs (B) and (C), passed after decedent’s death, were not retroactive and thus not applicable to the instant facts. We disagree. The title to Act 25 expressly stated that its purpose is “to interpret and clarify by definition the ‘officials’ excepted” from workmen’s compensation coverage. Such laws enacted by the legislature for purpose of interpreting or clarifying previous laws are given retroactive effect. Dripps v. Dripps, 366 So.2d 544 (La.1978). Moreover, the Third Circuit in Brodnax v. Cappel, 425 So.2d 232 (La.App. 3rd Cir.1982), addressed this same issue and held Act 25 retroactive because of the legislature’s clear, expressed intent to clarify and interpret the meaning of “officials.”
We conclude, then, that Act 25 is retroactive and applies to the instant facts. Under its provisions, deputy sheriffs are excluded from workmen’s compensation coverage as public officials. The trial court’s judgment classifying decedent as an employee and the state as employer is reversed and set aside. Plaintiff is not entitled to workmen’s compensation death benefits.
In light of our reversal of the trial court’s judgment, the remaining contentions of the state and plaintiff need not be addressed.
DECREE
Accordingly, for the above-expressed reasons, the judgment of the trial court is reversed and plaintiff’s suit dismissed. Costs of this appeal are to be borne equally by all parties.
REVERSED.

. In this case, Sheriff Baudoin had no workmen’s compensation insurance on his deputy sheriffs at the time of decedent’s death.