449 So.2d 1334 (1984)
Wanda KAHL, Individually and as Natural Tutrix of Her Minor Children, John Irving Kahl, Jr. and Shawna Kahl
v.
Chester C. BAUDOIN, et al.
No. 83-C-2120.
Supreme Court of Louisiana.
April 2, 1984.
Dissenting in Part and Concurring in Part April 3, 1984.
Rehearings Denied May 31, 1984.
*1335 Gerald J. Block, Corne & Block, Lafayette, for plaintiff-applicant.
Henry D. Salassi, Frank S. Craig, III, Breazeale, Sachse & Wilson, Baton Rouge, Nicholas F. LaRocca, Jr., Lippman, Mahfouz, Martin, Larocca & Stansbury, Morgan City, for defendant-respondent.
WATSON, Justice.
In this workers' compensation claim by the widow and children of a St. Mary Parish Deputy Sheriff, the issues are: (1) who employed Deputy Kahl at the time of his death on June 4, 1980; and (2) did suit against the Sheriff of St. Mary Parish interrupt prescription against the State of Louisiana?

FACTS
Deputy Sheriff John I. Kahl, Sr., was fatally shot on June 4, 1980, while attempting to serve a search warrant for narcotics. The trial court concluded that Kahl was an employee within the meaning of LSA-R.S. 23:1034 entitling his widow to recover death benefits under the workers' compensation act. Kahl's death occurred within the course and scope of his employment. Since Kahl's wages were paid by the sheriff and the state and he performed services for both entities, the trial court found a joint employment. On the basis of Rodrigue v. Breaux, 388 So.2d 60 (La.App. 1 Cir.1980), the trial court decided that the State of Louisiana was responsible for payment of compensation benefits. The judgment was reversed in Kahl v. Baudoin, 436 So.2d 1271 (La.App. 1 Cir.1983) which stated that Act 25 of 1981, effective November 19, 1981, excluded state coverage for Kahl by defining deputy sheriffs as public officials.[1] Two judges disagreed *1336 with this retroactive application of Act 25 but concurred on the basis that suit against the State of Louisiana had prescribed. The state was named as a defendant on October 30, 1981, more than one year after Deputy Kahl's death.

CONCLUSION
At the time of Kahl's death, Act No. 318 of 1978 provided that the state was not liable for damages caused by a sheriff's employee acting within the course and scope of his official duties. Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.,1981) considered this legislation's effect on delictual responsibility for the torts of a deputy sheriff and held that the sheriff was responsible in his official capacity because of the employment relationship between a sheriff and his deputies. Both Act 318 of 1978 and Jenkins concerned tort liability. They are not controlling in this claim for workers' compensation benefits.
Kahl was clearly an employee of Sheriff Chester C. Baudoin of St. Mary Parish within the meaning of the Louisiana workers' compensation act. LSA-R.S. 23:1034(A). However, that employment relationship does not exclude the possibility of a joint employer.
By Act 25 of 1981, the legislature undertook to limit the liability of the state in workers' compensation suits. Although termed interpretative and clarifying legislation, Act 25 is substantive in its effect and cannot be applied retroactively to preexisting causes of action.[2]
At the time of Deputy Kahl's death, LSA-R.S. 23:1034(A) had been amended by Act No. 528 of 1977. Act No. 528 provided that the workers' compensation act applied "to every person in the service of the state or political subdivision thereof." Although this act gave compensation benefits to criminal deputy sheriffs in the Parish of Orleans, it did not specifically exclude other deputy sheriffs from coverage. See Phillips v. State, Through Dept. of Transp., 400 So.2d 1091 (La.App. 1 Cir. 1981), writ denied 401 So.2d 1195 (La.), writ not considered 403 So.2d 70 (La.).
Although Deputy Kahl was an employee of the Sheriff of St. Mary Parish, he also worked for the state. While the sheriff had primary control and direction of Deputy Kahl and paid the major portion of his salary, the state also paid Kahl and called upon him for services in the enforcement of state laws.[3] "`It is not necessary, that each partner or joint venturer personally control the work of the injured employee. It is sufficient that they are engaged in a common enterprise that contemplates the employment and control of the claimant by one of the interested parties for the benefit of all.'" Babineaux v. Southeastern *1337 Drilling Corporation, 170 So.2d 518 at 529 (La.App. 3 Cir.1965), writ denied 247 La. 614, 172 So.2d 700, appeal dismissed 86 S.Ct. 67, 38 U.S. 16, 15 L.Ed.2d 12. As a result of the wage payments by the state and the services rendered to the state, Kahl is presumed to be an employee of the state as well as the sheriff. LSA-R.S. 23:1044. The state did not rebut the statutory presumption in favor of coverage. Since Kahl was employed and paid by the sheriff and the state, both are liable for compensation benefits. LSA-R.S. 23:1031. The sheriff's liability is not personal; it exists only because of his official capacity. Jenkins, supra.
Since the State of Louisiana and the Sheriff of St. Mary Parish exercised some degree of control over Deputy Sheriff Kahl and both paid his wages, the joint employers are solidarily liable. Humphreys v. Marquette Casualty Company, 235 La. 355, 103 So.2d 895 (1958). Because of the solidary liability, the suit against Sheriff Baudoin interrupted prescription against the state and plaintiffs' claim against the State of Louisiana did not prescribe.
While the State and the Sheriff are solidarily liable to plaintiffs as between themselves, each employer is liable only for its pro rata share of compensation payments according to its respective wage liability. LSA-R.S. 23:1031; U.S. Fidelity & Guaranty Company v. American Employers Insurance Company, 315 So.2d 822 (La.App. 3 Cir.1975); Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3 Cir.1979), writ denied 379 So.2d 1102 (La.,1980).
In Humphreys, supra, one of the two defendants was clearly liable for compensation, and penalties and attorney's fees were assessed against both. Here, both defendants had a defense with arguable merit. The trial court correctly determined that defendants are not subject to penalties and attorneys' fees under these circumstances.
For the foregoing reasons, the judgment of the Court of Appeal is reversed and judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Wanda Kahl, individually and on behalf of her minor children, Shawna Kahl and John Irving Kahl, Jr., and against defendants, the State of Louisiana and Chester C. Baudoin, in his official capacity as Sheriff of St. Mary Parish, jointly and in solido, for the maximum amount of weekly compensation benefits provided in LSA-R.S. 23:1231, et seq., from the date of John Irving Kahl, Sr.'s death, being June 4, 1980, until termination according to law, as well as all funeral and burial expenses and any medical expenses incurred, with legal interest on all unpaid benefits from date of judicial demand until paid.
REVERSED AND RENDERED.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
LEMMON, J., dissenting in part and concurring in part.
MARCUS, Justice (dissenting).
I dissent, being of the opinion that Deputy Kahl was not an employee of the state.
BLANCHE, Justice (dissenting).
Deputy Kahl was a public official and thus excluded from the benefits provided under La.R.S. 23:1034(A) at the time of his death. See La.R.S. 44:1 and R.S. 33:1433. For this reason, I respectfully dissent.
LEMMON, Justice, dissenting in part and concurring in part.
While I agree that the Sheriff of St. Mary Parish was liable in his official capacity for workmen's compensation benefits, I disagree that the State of Louisiana was also liable as a joint employer.
The determination of an employer-employee relationship depends upon the examination of many factors, and that determination must be made on a case-by-case basis. The most important factor is the right of the alleged employer to exercise control over the employee.
*1338 In the present case, the Sheriff of St. Mary Parish clearly had the complete right of control over Deputy Kahl at all times and had actual control at the time of the incident in which he was killed. Admittedly, the Sheriff on occasions permitted his deputies to work with the state police in a particular operation and temporarily surrendered actual control for a brief period of time.[1] On such an occasion, however, the Sheriff never lost the right to control the deputies, but in fact exercised that right to control by temporarily permitting the deputies to operate under the control of others. Perhaps if Kahl's death had occurred while some other authority was exercising actual control over the operation in which he was involved, then Kahl might be considered an employee of that other authority at that point in time. However, Kahl at the time of the fatal shooting was operating under the actual control of the Sheriff of St. Mary Parish, and the fact that the Sheriff had on other occasions temporarily relinquished actual control of certain deputies was not highly significant in the determination of an employer-employee relationship in this case.
The other factor on which the majority relies in the determination of any employment relationship between Kahl and the State of Louisiana is the Legislature's providing of supplemental pay for policemen. That factor also lacks considerable significance in the relationship determination in this particular case.
The Louisiana Legislature has long exhibited concern for policemen and firemen as public servants who actually put their lives on the line daily to serve the people of this state. One manifestation of that concern is the enactment of supplemental pay legislation, which has been of considerable assistance to the parishes and municipalities of this state in attracting a higher quality of employees into critical positions which involve danger to life or limb. However, if this financial assistance extended by the Legislature to parishes and municipalities results in the State's becoming liable for significant sums of workmen's compensation benefits, then the Legislature may well reconsider its position of providing financial assistance.
It is unfortunate that the Sheriff did not have workmen's compensation insurance in the present case, because previous (although questionable) jurisprudence indicated that it was not necessary. Nevertheless, the Sheriff will probably bear the ultimate responsibility for paying benefits in this case involving two employers. The holding of the State as a second employer, while serving to interrupt prescription, does a disservice to the developing jurisprudence in this area.[2]
NOTES
[1] "One distinguishing characteristic of the true public official is the fact that he is often vested with important policy-declaring functions. Those who are entrusted with the making of public policy usually receive salaries which are fairly commensurate with the responsibility of their positions and hence they may be regarded as outside the protective scope of the compensation acts. It is also noteworthy that policy-determining officers are not usually exposed to employment hazards. Other positions are commonly regarded as official and are subject to an official oath merely because of the public importance of the function, even though the duties are entirely routine and even though the positions can be filled by any trustworthy person of moderate capacity. These persons are paid in terms of the expectable demands of their duties, rather than in terms of the dignity of their positions, and their work is often ultra-hazardous in character, as in the cases of policemen and firemen. To exclude such persons from compensation tends to defeat the broad purpose of the Act." Malone & Johnson, Workers' Compensation, § 98 in 13 Louisiana Civil Law Treatise 219-220 (1980).
[2] Brodnax v. Cappel, 425 So.2d 232 (La.App. 3 Cir.1982) erroneously held that Act 25 of 1981 was retroactive in its effect and is overruled.
[3] Virgil M. Skinner, Jr., a fellow deputy sheriff, testified:

"There were several times when we worked with State Police Detectives from Region II and when it come to vice, prostitution cases, gambling, drugs and these were all cases that the State originated and asked for help on and we worked with them and took orders from them.
"There was also quite a few times with the ABC Board of the State that we worked under. They came to us and asked for assistance and we worked along with them. Of course, they were in charge of the program. Most of the cases depending on who originated really boiled down to who was in charge of the time or who expected to take charge.
"Also, working side by side with the troopers that worked on the road, had accidents on top of accidents." [Emphasis added] (Tr. 347)
[1] Similarly, the Sheriff of St. Mary Parish undoubtedly cooperated with other adjoining parishes in certain investigations or operations and temporarily relinquished actual control of the St. Mary deputies to some other authority.
[2] The exception of prescription was properly overruled on the basis that the plaintiffs were misled by prior jurisprudence indicating that deputy sheriffs either were not entitled to workmen's compensation or were employees of the State. Although the Sheriff was not joined as a defendant within a year of the incident (until recent jurisprudence indicated the necessity to do so), the Sheriff had timely notice of the employment incident and was not prejudiced.