GULOTTA, Judge.
In this worker’s compensation action, the sole issue confronting us is whether a “moonlighting” employee who receives income from two separate employers is entitled to permanent and total disability benefits calculated on the combined wages from both jobs or only on the wages from the job where the injury occurs. On summary judgment, the trial court concluded, as a matter of law, that the benefits should be based on the combined wages from both jobs. We reverse.
There are no genuine issues of material fact. According to her undisputed affidavit, plaintiff was injured while working at the Aurora Country Club on July 10, 1981. At the time of her accident, she was also receiving wages from the New Orleans Public School Board, where she was employed as a bus aide during the school year.
Although Aurora’s compensation insurer has paid benefits to plaintiff since the accident based on her average gross wages of $134.00 per week at the Aurora country club, the insurer has not included plaintiffs wages of $119.50 per week with the School Board in calculating her benefits. In granting summary judgment in plaintiff’s favor, the trial judge decreed that the average weekly wage should be calculated on the combined income from both sources and that plaintiff should be paid the amount of $168.60 per week as her average weekly wage.
Appealing, Aurora and its insurer contend that the trial court’s award unfairly places a burden on Aurora as a “summertime” employer and subjects it to paying compensation for hours and wages over which it had no control. Defendants argue that the judgment is contrary to the worker’s compensation scheme and the Third Circuit’s decision in Lott v. Louisiana Power and Light Co., 377 So.2d 1277 (La. App. 3rd Cir.1979), writ denied 381 So.2d 1232 (La.1980).
In Lott, the Third Circuit was confronted with an analogous fact situation and argument. The worker in Lott died of injuries *167 he received while performing his duties as a contract pumper at a well site. At the time of his accident, he was also employed as a contract pumper for a different employer at another site. The trial judge in Lott awarded death benefits under the worker’s compensation statute solely on the basis of decedent’s wages from the employer for whom he was actually performing work at the time of the accident, however, and the did not consider the wages paid by the second employer in determining the compensation liability.
In rejecting the contention in Lott that the decedent’s total monthly income, regardless of the source, should be used to compute the death benefits, our brothers on the Third Circuit held that the worker’s compensation act does not require that the worker’s total wages from all sources be considered, but rather that benefits are to be computed solely on the amount of the wages paid by the one employer who is responsible for benefits under the act.
In so holding, the Lott court noted that LSA-R.S. 23:1031 indicates a legislative intent to combine income from multiple employers in computing compensation liability only when the employers are “joint employers”. Such joint employment requires a common enterprise that contemplates control of the worker for the common benefit of the interested employers. See Kahl v. Baudoin, 449 So.2d 1334 (La.1984). The Lott court held that even though the decedent in Lott has been earning income from two separate employers during the same time frame, they were not his “joint employers” within the meaning of the statute at the time of his fatal accident. The Lott court further observed that even though the worker’s compensation statute did not fully compensate Lott’s beneficiaries for the full loss of the employee’s earning capacity, it would be patently unfair to the employer responsible for the payment of benefits to fix the employer’s liability on all the employee’s income regardless of the source. •
Although Lott involved death benefits rather than compensation for permanent and total disability, we find the reasoning in Lott persuasive in the instant case. The plaintiff in our case was employed by the New Orleans Public School Board as a bus aide during the school year, but her accident occurred only during the course and scope of her second job at Aurora Country Club during the summer. Although she was receiving two sources of income, her work for each employer was unrelated. Thus, her employers were not “joint employers” within the meaning of LSA-R.S. 23:1031, supra, because there was clearly no common interest or control between them. Accordingly, we conclude that the trial judge erred in awarding additional compensation based on plaintiff’s combined income from both sources of employment.
In so holding, we distinguish Jones v. Orleans Parish School Bd., 370 So.2d 677 (La.App. 4th Cir.1979), relied on by plaintiff. In Jones we awarded permanent partial disability benefits to a former teacher injured at the school where he was employed. In addition to his teaching job, the plaintiff in Jones was also moonlighting as a car salesman. After his accident, plaintiff stopped teaching and resumed work only as a car salesman. In awarding plaintiff permanent partial disability benefits in the amount of two-thirds of the difference between the pre-injury earnings and the post-injury earnings (in accordance with LSA-R.S. 23:1221(3)), we held that the trial court must use the sum of the salaries that plaintiff earned from both jobs at the time of the injury and measure it against all wages plaintiff earned post-accident in calculating the difference. We noted in Jones that if we were to measure only the school teaching salary at the time of the accident against the plaintiff’s post-accident earnings as a car salesman, we would unjustly penalize the plaintiff for moonlighting to pay his family expenses.
Significantly, the Jones case was a claim for permanent partial disability benefits, not a claim for total and permanent disability as in the instant case. The partial benefits in Jones were based on the particular wording of LSA-R.S. 23:1221(3), which at that time provided for a percentage award of “the difference between the wages the *168 employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or similar occupation as that in which the employee was customarily engaged when in-jured_” (Emphasis ours). By focusing on the difference between the wages before and after the accident, it is reasonable to conclude that the Legislature directed our courts to consider actual wages from multiple sources in determing partial disability benefits. Our statutory interpretation and reasoning in Jones does not apply, however, to the facts now before us in this claim by a permanently disabled employee claiming benefits under a different statutory provision of the worker’s compensation law. Thus, confined to its facts, Jones does not control the result in the instant case.
Accordingly, the judgment appealed from is reversed and set aside. Judgment is now rendered dismissing plaintiff’s suit at her costs.
REVERSED AND SET ASIDE.