LOTTINGER, Judge.
This is an action for worker’s compensation benefits. Plaintiff, Ms. Sadie Gray, was a part-time cook for Church’s Fried Chicken, Inc. (Church’s) when she attempted to pick up a pan of chicken and injured herself.
The trial court awarded compensation benefits based on total and permanent disability in the amount of $129.33 per week from the date of disability subject to a set-off in favor of the appellants, Church’s and St. Paul Fire and Marine Insurance Company, in the amount of $89.33 per week from March 11, 1982, through September 23, 1982. The appellants were also ordered to pay unpaid past medical expenses and prescription medication costs in the amount of $34,082.52.
ASSIGNMENTS OF ERROR
In appealing appellants contend the trial court erred in:
1. finding evidence to support a conclusion of permanent and total disability;
2. calculating the employee’s average weekly wage based on her combined earnings from Church’s and another part-time employer; and
3. failing to recognize that the employee’s disability was á result of several unnecessary procedures performed by Dr. Bruce Razza.
I
Appellants hinge their argument that there was a lack of evidence to prove total and permanent disability on the deposition testimony of Dr. Razza, the orthopedic surgeon who operated on plaintiff. At the time of the deposition, January, 1985, Dr. Razza was of the opinion that plaintiff was unable to return to any kind of employment, but that “[ajssuming she gets a good fusion and gains improvement from the procedure, and she seems to have a good early start, then I would feel that she could eventually return to some lighter sedentary work that conforms to those restrictions.”
*981 The trial on the merits took place on March 4,1985, and there is no indication in the record that the condition of plaintiff had changed since Dr. Razza’s deposition. Therefore, plaintiff was totally and permanently disabled at the time of trial, but the duration of the disability was not certain. The judgment of total and permanent disability is subject to modification pursuant to La.R.S. 23:1331, as that statute read at the time of the accident. Celestin v. Fireman’s Fund Insurance Company, 430 So.2d 1263 (La.App. 1st Cir.1983).
Therefore, we find no error on the part of the trial judge.
II
The appellants claim that the trial court erred in calculating plaintiffs average weekly wage by including other part-time wages.
We agree with our brethren of the Third Circuit Court of Appeal in Lott v. Louisiana Power & Light Company, 377 So.2d 1277 (La.App. 3rd Cir.1979), when in interpreting La.R.S. 23:1031, they said:
LSA-R.S. 23:1031 evidences the intent of the legislature to make an employer’s workmen’s compensation liability to an injured employee depend only upon the wages which that employer pays to the employee and not upon the total income of the employee.
The statute provides, in pertinent part:
“In case any employee for whose injury or death payments are due is, at the time of injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee ... If one or more, but not all the employers are subject to this Chapter, then the liability of them so subject shall be to pay that proportion of the entire payments which their proportionate wage liability bears to the entire wages of the employee ...”
It is evident, therefore, that the only time wages from other employers are included in computing the employer’s workmen’s compensation liability is when the employers are joint employers of the same employee.
Lott, 377 So.2d at 1280 and 1281.
Church’s and Delchamps Food Store, the other part-time employer, were not joint employers of plaintiff. The employment situation in this case is one of successive employment. Therefore, the compensation benefits must be based on the average weekly wage based on a 40 hour week. Plaintiff was paid $3.35 per hour by Church’s. Based on a 40 hour week, her average weekly wage for worker’s compensation benefit calculation purposes amounts to $134.00 per week, and her benefits at 66⅜% equals to $89.33 per week. Therefore, the judgment will be amended to reduce the amount of weekly benefits accordingly.
Ill
Defendants-appellants argue that the trial court erred in failing to recognize that the employee’s disability was the result of several unnecessary surgical procedures.
In Stevenson v. Bolton Company, Inc., 484 So.2d 678 (La.App. 1st Cir.1985), writ denied, 489 So.2d 247 (La.1986), this court, in holding that the employer is liable for worker’s compensation benefits as a result of medical malpractice or excessive medical treatment, stated:
Louisiana jurisprudence recognizes that if subsequent medical malpractice or excessive medical treatment occurs, the plaintiff is entitled to recover either in a tort case against the tortfeasor, or in a worker’s compensation case against the employer and insurer. In both situations the tortfeasor and the employer and insurer have at their disposal the right to then sue the doctor either for recovery based on the extent to which the compensation responsibility or tort damages have been augmented owing to such malpractice or for reimbursement of the excessive cost for treatment.
Stevenson, 484 So.2d at 684.
*982 Therefore, this assignment of error is without merit.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to reduce the weekly compensation benefit to $89.33, and as amended the judgment is affirmed. The costs of the appeal are divided equally between plaintiff and the appellants.
AMENDED AND AFFIRMED.