Dear Raymond:
I am in receipt of your request for an Attorney General's opinion wherein you ask the following question:
 Whether or not parish school bus drivers are state employees in regards to the application of LSA-R.S. 42:1414 which provides for the termination of state employees upon conviction of a felony.
You state that the Evangeline Parish School Board employs permanent school bus drivers that are selected and hired by the School Board and are supervised by the School Board. You also state that the large majority of their salaries are derived from state funds.
LSA-R.S. 42:1414 states the following:
 The employee-employer relationship existing between a state employee, classified or unclassified, and the state shall be terminated and such employee shall be removed from his position of employment with the state upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within forty-eight hours after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) of the Louisiana Constitution and any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state employee.
LSA-R.S. 17:491 defines a "school bus operator" as:
 As used in this Subpart, the term "school bus operator" means any employee of any city or parish school board whose duty it is to transport students in any city or parish school bus or activity bus to and from any school of suitable grade approved by the department of education or to and from any school related activity. Such employee shall be certified to have participated in any school bus drivers instructional program or in-service training provided by the department of education as provided for in R.S. 17:497.12, shall have attained the age of twenty-one years, and shall be certified to have passed any physical examination required by the department. It shall be unlawful for anyone not certified as provided herein to transport school students to and from any such school.
 Employees of parish and city school boards who drive buses to colleges or universities may, at the discretion of the employing school board, be exempted from the age requirements provided herein, but shall meet those age requirements provided in R.S. 17:160.
 (Underlining is our own emphasis.)
In Attorney General opinion 89-210A, our office reviewed the employment of public officers and employees of a parish. As discussed in that opinion, most of the case law has arisen from questions of tort and worker's compensation liability. However, the opinion deals with the issue of supplemental pay to parish employees and the classification of these employees. In pertinent part, 89-210A states:
 A third area of law where the "parish officials" specified by La. Const. Art. VI, Sec. 5(G) and 7(B) had been judicially declared state employees, and then legislatively overruled, is workers' compensation. In Kahl v. Baudoin, 449 So.2d 1334 (La. 1984), the Supreme Court held that the state is a co-employer of sheriff's deputies by reason of its provision of supplemental pay to deputies. Kahl was legislatively overruled by paragraph D of LSA-R.S. 23:1034
which reads, in pertinent part:
 The fact that the state may grant to an employee of a political subdivision any additional or supplemental pay or otherwise provide funds for the payment of such employee's salary shall not make such employee, in whole or in part or in any way, an employee of the state.
 In Parker v. Cappel, 500 So.2d 771 (La. 1987) the Supreme Court recognized the superseding effect of the registration and ruled that the State was not a co-employer of deputy sheriffs.
 The employment status of those constitutional officers whose jurisdiction is subject to parochial geographic limits has been transmuted by the developments in Louisiana law since the Foster decision. Without an express definition of their employment status, the legislature has, in the enactment of public policy governing the rights, duties and immunities incidental and integral to the employment status of the public officials named in La. Const. Art. VI, Sec. 5(G) and 7(B), and their appointees and employees, declared its intent that this class of public officials and their employees should be considered as employees of their respective parishes, although they may exercise powers and authority delegated by the State, either directly by the Constitution or through statutory authority.
Although Title 42 deals with public officers and employees, and the above cited Supreme Court cases and the Attorney General's opinion deals with workers' compensation, the fact that an employee of a political subdivision receives additional or supplemental pay does not make that employee in any way an employee of the state.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc