# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-650

ERVIN GUILLORY

VERSUS

INTERSTATE HOTELS & RESORTS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 04-02240
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

Lawrence B. Frieman
Juge, Napolitano, Guilbeau, Ruli,
  Frieman & Whiteley
3320 W. Esplanade Avenue North
Metairie, LA 70002
(504) 831-7270
Counsel for Defendant/Appellee:
    Interstate Hotels & Resorts

Richard E. Smith
The Glenn Armentor Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
Counsel for Plaintiff/Appellant:
    Ervin Guillory

**DECUIR, Judge.**

In this workers' compensation case, the pivotal question is whether the calculation of the average weekly wage of the claimant, who was injured in the course and scope of his full-time employment, should include wages received from his part-time employer.

**FACTS**

On November 24, 2002, Ervin Guillory was injured while in the course and scope of his full-time employment for the Hilton Towers in Lafayette. At the time, he was also employed part-time with Hebert's Janitorial in Youngsville. Guillory continues to be disabled and is unable to work at either of his jobs.

Guillory earned $6.45 an hour at the Hilton and/or an average weekly wage (AWW) of $258.00 per week applying the forty-hour presumption. This translates to an indemnity rate of $172.00. He earned $6.50 an hour at Hebert's or an AWW of $122.28, two-thirds of which would be $81.52. From the date of the accident until March 10, 2004, the Hilton paid indemnity benefits at the rate of $306.08 per week. It is unclear how the Hilton arrived at this rate, but when it realized its mistake it reduced Guillory's payment to $172.00 per week less a $44.93 credit to recover its overpayment.

Guillory filed a workers' compensation claim. The parties waived a trial on the merits and submitted the case on briefs. The workers' compensation judge rendered judgment in favor of the Hilton, finding that the new rate was correctly calculated and properly excluded part-time wages. In addition, the workers' compensation judge found the Hilton was entitled to a credit, but the $44.93 deduction was excessive. Accordingly, he reduced the weekly credit to $15.00 and ordered the Hilton to reimburse Guillory $29.93 per week retroactive to the date it first asserted its credit. Guillory lodged this appeal.

# DISCUSSION

Guillory contends the trial court erred in concluding that the average weekly wage calculation for an employee injured in the course and scope of his full-time employment should not include wages from his part-time employer.

This court addressed a similar circumstance in *Lott v. Louisiana Power & Light Co.*, 377 So.2d 1277, 1280-1281 (La.App. 3 Cir. 1979), stating:

> LSA-R.S. 23:1031 evidences the intent of the legislature to make an employer's workmen's compensation liability to an injured employee depend only upon the wages which that employer pays to the employee and not upon the total income of the employee.
>
> . . . .
>
> It is evident, therefore, that the only time wages from other employers are included in computing the employer's workmen's compensation liability is when the employers are joint employers of the same employee. That is not the case here. SOMC was not a joint employer of Huey Lott with any other employer. The workmen's compensation liability of SOMC is based only upon the wages paid by them to H. R. Lott, namely, $385.00 per month.
>
> Able counsel for plaintiff has additionally referred us to the recent case of *Jones v. Orleans Parish School Bd.*, *supra*. In that case, our learned brethren of the Fourth Circuit appear to hold that in calculating the earning differential of an employee for purposes of fixing the extent of recovery for partial disability under LSA-R.S. 23:1221(3), one must use the sum of the salaries earned by such partially disabled employee from all employment at time of injury. Although the court in *Jones* was concerned with the calculation of benefits due under a different section of the Workmen's Compensation Act, we acknowledge that the holding in *Jones* does lend support to the position which plaintiff advocates. We respectfully disagree with the holding in *Jones*, *supra*, and decline to follow same. In our view Louisiana's workmen's compensation law clearly and explicitly limits the employer's liability for workmen's compensation benefits to a statutorily fixed percentage of the "average weekly wage" paid by the responsible employer to the employee (subject to minimum and maximum benefits). In our opinion, although our law, as presently constituted, may in certain isolated cases, such as the instant case, not fully provide for loss of earning capacity, to fix an employer's liability for payment of benefits on all income of the employee, regardless of the source, would be patently unfair to the employer responsible for the payment of benefits.

2

Guillory argues that the legislature's 1991 amendment of La.R.S. 23:1021(12) makes *Lott* no longer relevant. The statute states in pertinent part:

> (iv) A part-time employee, as defined in R.S. 23:1021(9) and who is employed by two or more different employers in two or more successive employments, shall be entitled to receive benefits as follows:

> (aa) If an employee is employed by two or more different employers in two or more successive employments and the employee incurs a compensable injury under the provisions of this Chapter in one of the employments, the employer in whose service the employee was injured shall pay the benefits due the employee as provided in this Chapter.

> (bb) If the employee is a part-time employee in one of the successive employments, is injured in that employment, but as a result of the injury also incurs loss of income from other successive employments, that employee shall be entitled to benefits computed by determining wages under the provisions of this Subsection using his hourly rate in employment at the time of injury and using the total hours worked for all employers of the part-time employee, but not to exceed his average, actual weekly hours worked or forty hours weekly, whichever is less.

The amendment clearly carves out an exception to *Lott* by allowing a part-time employee injured at his part-time employment to cumulate wages from another unrelated part-time or full-time employer. However, the statute specifically limits the number of hours to be used in the calculation to forty. That limitation squarely addresses the issue before us. Guillory was injured at his full-time job and, therefore, any cumulation with an unrelated employer would take him beyond the forty-hour limit.

Guillory next directs our attention to *Mitchell v. Winnfield Holding Corp.*, 03-677 (La.App. 3 Cir. 12/17/03), 861 So.2d 931, *writ denied*, 04-0191 (La. 4/02/04), 869 So.2d 878, wherein this court allowed cumulation of wages from claimant's part-time and full-time employment. The critical distinguishing feature in *Mitchell* is that the claimant was employed by one owner.

3

One critical tradeoff in the workers' compensation scheme is that while the employer "was deprived of the defenses afforded to him by the general law and he was assured that, in case any of his employees were injured, they would be entitled to no more than the amount stipulated in the statute as compensation during the period of disability." *Atchison v. May*, 201 La. 1003, 10 So.2d 785. This provides predictability for the employer by defining the nature of his exposure. Both the statute and *Mitchell* maintain this predictability. The statute by setting a maximum and *Mitchell* because the single employer is aware of how much his employee works for him.

In the present case, there are multiple unrelated employers so *Mitchell* is inapplicable and applying the statute serves no purpose because Guillory's AWW is already being calculated based on a forty hour week. Accordingly, we find no error in the judgment of the workers' compensation judge.

### DECREE

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to claimant, Ervin Guillory.

**AFFIRMED.**